JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a jury trial, defendant-appellant, Robert D. Smith, was convicted of two counts of trafficking in cocaine pursuant to R.C.2925.03(A)(1) and one count of possession of cocaine pursuant to R.C.2925.11(A). On the first trafficking conviction, which was a fifth-degree felony, the court sentenced him to ten months' incarceration. On the second trafficking conviction, which was a second-degree felony, the court sentenced him to four years' incarceration. These two sentences were to be served consecutively. Finally, on the possession conviction, the court sentenced him to ten months' incarceration, to be served concurrently with the sentences on the trafficking convictions. This appeal followed.
Smith presents seven assignments of error for review. In his first assignment of error, he contends that the trial court erred in allowing police officers to testify regarding hearsay statements made by a confidential informant. In his second assignment of error, he contends that the trial court violated his right to confront the witnesses against him by allowing the informant's hearsay statements into evidence. These assignments of error are not well taken.
The record shows that the confidential informant wore a wire as he conducted two drug transactions with Smith. The police officers could listen to what was said, but the equipment did not have the ability to record. Consequently, the police officers testified about statements Smith and the informant had made.
Evid.R. 801(D)(2)(a) provides that a statement is not hearsay if "[t]he statement is offered against a party and is * * * his own statement, in either his individual or a representative capacity." Consequently, Smith's statements were not hearsay, and the police officers' testimony about those statements was admissible. See State v. Byrd (1987),32 Ohio St.3d 79, 512 N.E.2d 611; State v. Scarborough (Apr. 24, 1996), 1st Dist. No. C-950293.
As to the statements of the informant, the record shows that before the court heard any testimony, it considered Smith's motion in limine to prevent the admission into evidence of any hearsay statement by the informant. The court granted that motion and stated that it would sustain any objection to testimony concerning the informant's statements when they were offered for the truth of the matter asserted. In fact, the court sustained several objections when the police officers testified about the informant's statements.
But when the questions were asked in a way that the statements provided context for Smith's responses, the objections were overruled. In those cases, the statements by the confidential informant were not hearsay within the meaning of Evid.R. 801(C) because they were not offered for the truth of the matter asserted. United States v. Tangeman (C.A.8, 1994), 30 F.3d 950; United States v. Ailsworth (D.Kan. 1996),948 F. Supp. 1485, affirmed (C.A.10, 1998), 138 F.3d 843; State v.Brewster, 1st Dist. Nos. C-030024 and C-030025, 2004-Ohio-2993. Thus, the trial court did not err by allowing those statements into evidence. Also, since the statements were not hearsay, their admission into evidence did not violate the Confrontation Clause. State v. Cannaday,
10th Dist. No. 04AP-109, 2005-Ohio-1513.
Further, even if a few of the informant's statements that the court admitted into evidence were hearsay, we cannot hold that they were so prejudicial as to require reversal. See Byrd, supra. Smith's own words, not the informant's comments, showed his role in the transactions. He named the price of the drugs, and his statements showed that he was an active participant in the transactions. Further, the informant clearly bought drugs on two occasions in the apartment where Smith lived with his mother, and Smith was found in the bathroom with the marked money the police had given the informant after the second transaction. Under the circumstances, any error in the admission of the informant's statements was harmless. See State v. Bayless (1976), 48 Ohio St.2d 73,357 N.E.2d 1035, vacated as to death penalty (1978), 438 U.S. 911,98 S.Ct. 3135; State v. Nix, 1st Dist. No. C-030696, 2004-Ohio-5502. Consequently, we overrule Smith's first and second assignments of error.
In his third assignment of error, Smith contends that the evidence was insufficient to support his convictions. In his fifth assignment of error, he contends that the trial court erred in overruling his Crim.R. 29 motions for judgments of acquittal, which is the same as a claim that the evidence was insufficient to support the convictions. State v.Burrell, 1st Dist. No. C-030803, 2005-Ohio-34. Therefore, we consider these assignments of error together.
Our review of the record shows that a rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found that the state had proved beyond a reasonable doubt the essential elements of trafficking in cocaine pursuant to R.C. 2925.03(A)(1) and possession of cocaine pursuant to R.C. 2925.11(A). Consequently, the evidence was sufficient to support Smith's convictions for those offenses. See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492;State v. Washington, 1st Dist. No. C-040518, 2005-Ohio-1878. We, therefore, overrule his third and fifth assignments of error.
In his fourth assignment of error, Smith contends that his convictions were against the manifest weight of the evidence. After reviewing the record, we cannot hold that the jury clearly lost its way and created such a manifest miscarriage of justice that we must reverse Smith's convictions and order a new trial. Therefore, his convictions were not against the manifest weight of the evidence. See State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v. Allen (1990),69 Ohio App.3d 366, 590 N.E.2d 1272. We overrule his fourth assignment of error.
In his sixth assignment of error, Smith contends that the prosecutor committed misconduct in his closing arguments. He contends that the prosecutor improperly called a defense witness a liar and referred to hearsay statements by the confidential informant. This assignment of error is not well taken.
The test for prosecutorial misconduct is (1) whether the remarks were improper, and (2) if so, whether the remarks prejudicially affected the accused's substantial rights. State v. Lott (1990), 51 Ohio St.3d 160,555 N.E.2d 293; State v. Hirsch (1998), 129 Ohio App.3d 294,717 N.E.2d 789. The conduct of the prosecuting attorney during the trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. State v. Keenan (1993), 66 Ohio St.3d 402, 613 N.E.2d 203;Hirsch, supra.
Moreover, Smith failed to object to the comments of which he now complains. Thus, he is precluded from raising the issue on appeal unless it rises to the level of plain error. State v. Underwood (1983),3 Ohio St.3d 12, 444 N.E.2d 1332; Hirsch, supra.
Even if the prosecutor's comments were improper, we cannot hold that but for the prosecutor's comments, the outcome of the trial clearly would have been otherwise. Consequently, the prosecutorial misconduct did not deny Smith a fair trial or rise to the level of plain error. See Statev. Wickline (1990), 50 Ohio St.3d 114, 552 N.E.2d 913; Hirsch, supra;Burrell, supra. We overrule Smith's sixth assignment of error.
In his seventh assignment of error, Smith contends that the trial court improperly sentenced him. He argues that he should not have received more than the minimum sentences on the trafficking offenses and that the sentences should not have been imposed consecutively. This assignment of error is not well taken.
In this case, the trial court imposed more than the minimum sentence for all three offenses, even though Smith had not previously served a prison term. This court recently decided State v. Montgomery, 1st Dist. No. C-040190, 2005-Ohio-1018, in which we applied the United States Supreme Court's decisions in Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531, and United States v. Booker (2005), ___ U.S. ___,125 S.Ct. 738, to Ohio's sentencing statutes. We noted that before a court may impose a term greater than the minimum on an offender who has not previously served a prison term, it must rely on facts not found by a jury or admitted by the defendant, which is unconstitutional under Blakely andBooker. The minimum prison term for an offender who has not previously served a prison term is ordinarily the only sentence that is supported by the jury's verdict and the defendant's admissions. Therefore, we held that the statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for the offense.
But we have also held that a trial court may consider a defendant's prior convictions to enhance a sentence without resubmitting the facts of those convictions to the jury, and that consideration of those convictions is constitutional under Blakely and Booker. Courts have broadened this prior-conviction exception to include performance on parole or probation. State v. McIntosh, 1st Dist. No. C-040280,2005-Ohio-1760; State v. Lowery, 1st Dist. No. C-040157, 2005-Ohio-1181.
In this case, the trial court based its sentences on Smith's numerous misdemeanor convictions, as well has prior unsuccessful parole and probations. Thus, this case falls squarely within the prior-conviction exception, and the imposition of more than the minimum sentences was not unconstitutional. Any other findings the trial court made that were not proper under Blakely or Booker were harmless error. See McIntosh, supra;Lowery, supra.
Further, this court has also held that Blakely and Booker do not apply to consecutive sentences. McIntosh, supra; Montgomery, supra. Thus, the imposition of consecutive sentences was not unconstitutional, and we must conduct a standard statutory sentencing review. See Mcintosh, supra;Lowery, supra.
Our review of the record shows that the trial court made the appropriate findings to justify the imposition of more than the minimum sentences and of consecutive sentences based on Smith's lengthy criminal history. It also adequately stated its reasons for those findings on the record. Those findings were supported by competent, credible evidence and were not contrary to law. See State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473; State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131; Lowery, supra; Montgomery, supra. Therefore, this court will not disturb the trial court's sentences. R.C.2953.08(G); Edmonson, supra; State v. Napier (Aug. 28, 1998), 1st Dist. No. C-970383. Accordingly, we overrule Smith's seventh assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.