**UNITED STATES of America,
Plaintiff,**

v.

**Domanique BLANTON, Defendant.**

**No. CR04–250–RMT.**

United States District Court,
C.D. California.

March 23, 2005.

Mary E. Kelly, Kimberly A. Savo, Federal Public Defender, Los Angeles, CA, for Defendant.

Sherilyn R. Peace–Garnett, Jeffrey Backhus, AUSA—Office of U.S. Attorney Criminal Div., Los Angeles, CA, for Plaintiff.

### ORDER GRANTING DEFENDANT'S RULE 29 MOTION

TAKASUGI, Senior District Judge.

This matter has come before the court on the motion by Defendant Domanique Blanton for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure for the fifteen-year Armed Career Criminal Act ("ACCA") enhancement sought against him by the Government under 18 U.S.C. § 924(e)(1).[1] Defendant bases his motion on his assertion that *United States v. Tighe* precludes the use of juvenile adjudications as predicate offenses for an ACCA enhancement.[2]

---

**1.** The Government challenges Defendant's motion as improperly brought under Rule 29 and suggests that it should have been filed as a sentencing position paper. Because Defendant's prior convictions were the subject of

Phase II of this trial, the court finds that Defendant's Rule 29 motion is proper.

**2.** 266 F.3d 1187, 1194–1195 (9th Cir.2001).

The Government opposes.

### Procedural Background

On March 5, 2004, Defendant was indicted on one count of possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The indictment also alleged an enhancement pursuant to ACCA, 18 U.S.C. § 924(e)(1), on the basis that Defendant has four prior convictions for violent felonies, three of which are juvenile adjudications.

Specifically, the indictment alleged that Defendant was previously convicted for one violent felony as defined in 18 U.S.C. § 924(e)(2)(B) for his November 29, 1999 conviction for assault with a deadly weapon in violation of Cal. Pen.Code § 245(a)(1). The indictment also alleged that three of Defendant's juvenile adjudications amounted to violent felonies as defined in 18 U.S.C. § 924(e)(2)(B). The juvenile adjudications are as follows:

(1) May 3, 1994 adjudication for voluntary manslaughter in violation of Cal. Pen. Code § 192(a) with an enhancement for the use of a firearm in violation of Cal. Pen.Code § 12022(a)(1);[3]

(2) March 30, 1992 adjudication for robbery in violation of Cal. Pen.Code § 211 with an enhancement for the use of a firearm in violation of Cal. Pen.Code § 12022(a)(1); and

(3) March 30, 1992 adjudication for robbery in violation of Cal. Pen.Code § 211 with an enhancement for the use of a firearm in violation of Cal. Pen.Code § 12022(a)(1).[4]

On January 3, 2005, Defendant moved to bifurcate his trial which the Government did not oppose. Phase I of the trial began on January 18, 2005 on the felon in possession of a firearm and ammunition charge. On January 21, the jury returned a guilty verdict against Defendant for a violation of 18 U.S.C. § 922(g)(1).

On January 24, Defendant waived his right to a jury trial in Phase II and proceeded to trial before this court on the alleged prior violent felony convictions on the 18 U.S.C. § 924(e)(1) enhancement. There, the Government introduced the stipulation between the parties that the fingerprints obtained from Defendant in this case are identical to fingerprints on file in the four prior violent felony convictions alleged in the indictment. The Government also introduced certified copies of the petitions and findings of adjudication for Defendant's three juvenile adjudications.

Defendant filed this motion at the end of Phase II, asserting that: (1) *United States v. Tighe* prohibits the use of juvenile adjudications as predicate offenses under ACCA; (2) If juvenile adjudications can be considered, the Government must prove the underlying facts of those adjudications beyond a reasonable doubt which it has not done; and (3) If the Government need only prove the fact of Defendant's prior juvenile adjudications it has failed to do so because: (a) the documents produced by the Government do not satisfy their burden of proof; (b) the alleged juvenile adjudications do not constitute violent felonies as defined in 18 U.S.C. § 924(e)(2)(B) because use of a firearm was a sentencing enhancement and not an element of those offenses; (c) Defendant's robbery adjudications do not constitute two offenses because they were part of a single transaction; and (d)

---

**3.** This adjudication was entered upon Defendant's no contest plea to voluntary manslaughter. While Defendant admitted the sentencing enhancement that a principal used a firearm, he did not admit personal use of a firearm.

**4.** Defendant's March 30, 1992 adjudications were entered upon a finding of guilt by the juvenile court.

Defendant's voluntary manslaughter adjudication did not involve the use of a firearm because Defendant did not admit personal use of a gun.[5]

*Analysis*

**A. *Tighe* excludes juvenile adjudications from *Apprendi's* prior conviction exception because they lack the procedural safeguards of adult convictions, but does not bar their use as predicate offenses under the Armed Career Criminal Act**

Section 924 (e)(1) of Title 18 establishes a minimum fifteen-year sentence for anyone convicted of a violation of 18 U.S.C. § 922(g) who has three prior violent felony convictions. Under the statute, the term "violent felony" includes "any act of juvenile delinquency involving the use or carrying of a firearm ... that would be punishable by imprisonment for [a term exceeding one year] if committed by an adult."[6]

In *United States v. Tighe*, the Ninth Circuit held that juvenile adjudications "do not fall within *Apprendi's* 'prior conviction' exception" to the jury trial requirement because they do not provide the procedural safeguards of adult convictions, namely jury trial and proof beyond a reasonable doubt.[7] There, the Defendant's fifteen year sentence enhancement under 18 U.S.C. § 924(e)(1) was based in part on "a juvenile adjudication for reckless endangerment, robbery and unauthorized use of a motor vehicle" which was not charged in the indictment.[8] The court recognized "significant constitutional differences be-

tween adult convictions and juvenile adjudications" and held that *Apprendi's* prior conviction exception was inapplicable to juvenile adjudications because they did not bear the same guarantee of reliability as adult convictions given the absence of jury trial and other procedural protections in juvenile proceedings.[9] The court found that the use of Defendant's juvenile adjudication to enhance his sentence beyond the statutory maximum punishment without having been charged in the indictment and proven at trial was "constitutional error" under *Apprendi*.[10]

Although the *Tighe* court held that Tighe himself could not be subjected to an ACCA enhancement based on his juvenile adjudications, the court did not explicitly bar the use of juvenile adjudications as predicate offenses for an ACCA enhancement. Instead, the court suggested that a juvenile adjudication could serve as the basis for an enhancement so long as it was submitted to a jury and proved beyond a reasonable doubt. Specifically, in a footnote, the court noted:

> We acknowledge the concern that defendants might be prejudiced if their prior juvenile adjudications are presented to the jury, but we note that courts may fashion procedures to avoid putting such defendants to the 'Hobson's choice' described by the dissent. The Court in *Spencer v. Texas*, 385 U.S. 554, 566–69, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), recognized that states, in implementing their recidivist statutes, could use various procedures to mitigate any prejudice to the defendant. Although the Court

5. Defendant does not challenge his adult conviction for assault with a deadly weapon. Accordingly, at issue is solely whether at least two of Defendant's three juvenile adjudications may serve as a basis for an enhancement under 18 U.S.C. § 924(e)(1).

6. 18 U.S.C. § 924(e)(2)(B)

7. 266 F.3d at 1194–1195.

8. *Id.* at 1191–1192.

9. *Id.* at 1193–1194.

10. *Id.* at 1192–1195.

declined to require a two-stage jury trial constitutionally, *see id.* at 568, 87 S.Ct. 648, such a separation of the guilt and sentencing phases of the trial would address such potential prejudice.[11]

Thus, *Tighe* suggests the possibility of using juvenile adjudications as the basis for an ACCA enhancement so long as the fact of those adjudications are submitted to a jury and proved beyond a reasonable doubt.[12]

Here, the Government asserts that it satisfied *Tighe* by alleging in its indictment that it would seek an enhancement under 18 U.S.C. § 924(e)(1) based on two of Defendant's three alleged juvenile adjudications and by introducing certified copies of the petitions and findings of adjudication for Defendant's juvenile adjudications in Phase II of the trial.

**B.  Under Blakely v. Washington, the remedy proposed by Tighe is no longer viable because it fails to cure the constitutional deficiencies of Defendant's juvenile adjudications in a manner which would allow their use as a basis for enhancing his sentence beyond the statutory maximum**

While *Tighe* excludes juvenile adjudications from *Apprendi's* prior conviction exception because they lack the procedural safeguards of adult convictions, it does not challenge the validity of Congress' inclusion of "any act of juvenile delinquency involving the use or carrying of a firearm" within the definition of violent felonies for which a fifteen year sentence enhancement is available under ACCA.[13] Instead, *Tighe*

merely addresses the application of *Apprendi* to the statutory enhancements for juvenile adjudications and concludes that the constitution would require the fact of juvenile adjudications be charged in the indictment and proved to a jury beyond a reasonable doubt. The issue before this court is whether, in light of *Blakely v. Washington*, proof to a jury beyond a reasonable doubt of the *fact* of juvenile adjudication is constitutionally sufficient to enhance a sentence under 18 U.S.C. § 924(e) where the prior juvenile adjudication did not afford the defendant the right to a jury trial.[14]

In *Blakely*, the Court re-emphasized the importance of the Sixth Amendment right to a trial by jury when it vacated an enhanced sentence imposed under Washington's Sentencing Reform Act which was based on factual findings made by the trial judge.[15] The Court held that the "statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"[16]

The remedy proposed by *Tighe* cannot stand under *Blakely* because simply proving the *fact* of Defendant's juvenile adjudications does not change that they were entered against him without the right to a jury trial. While Defendant's juvenile adjudications are themselves constitutionally sufficient under long standing precedent, using them as prior convictions to enhance his sentence for a subsequent crime beyond the statutory maximum from ten to fifteen years clearly implicates *Blakely*.[17]

---

11.  *Id.* at 1194, fn. 5.

12.  *Id.* at 1194–1195.

13.  18 U.S.C. § 924(e)

14.  542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403

15.  *Id.*

16.  *Id.* at 2537(emphasis in original).

17.  *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).

Although the Ninth Circuit's holding in *U.S. v. Williams*, that nonjury juvenile adjudications can serve as a basis for an enhanced sentence under the sentencing guidelines, might suggest another result, the case was explicitly distinguished by *Tighe* and is thrown into question by *Blakely*.[18]

If the court were to follow *Tighe's* construction of 18 U.S.C. § 924(e) and find Defendant guilty of an ACCA enhancement based on the Government's proof of the *fact* of his juvenile adjudications, Defendant's sentence would be increased beyond the statutory maximum based on facts not found by a jury, but by a juvenile court judge. *Blakely* clearly prohibits such a result. Thus, the only viable construction of 18 U.S.C. § 924(e) is that juvenile adjudications may only serve as predicate violent felonies for ACCA purposes where a Defendant was afforded the right to a jury trial in the underlying juvenile adjudication.

### Conclusion

Although *Tighe* would allow the use of juvenile adjudications as predicate offenses under 18 U.S.C. § 924(e)(1) so long as they are alleged and proved beyond a reasonable doubt, this remedy is insufficient under *Blakely v. Washington* because it would increase a defendant's sentence beyond the statutory maximum without giving meaningful content to his Sixth Amendment right to a trial by jury. Thus, the court finds that Defendant's juvenile adjudications may not serve as predicate offenses under 18 U.S.C. § 924(e)(1) because Defendant was not afforded the right to a jury trial in those proceedings.

Accordingly,

IT IS ORDERED that Defendant's Rule 29 motion is GRANTED.

---

18. *Tighe*, 266 F.3d at 1192 (finding that *U.S. v. Williams* did not apply to Tighe's challenge to his sentence enhanced beyond the statutory maximum under 18 U.S.C. § 924(e) because *Williams* was decided pre-*Apprendi* and in- volved a challenge to an enhanced sentence under the Sentencing Guidelines which fell *within* the statutory range); *U.S. v.Williams*, 891 F.2d 212 (9th Cir.1989).