910 So.2d 863 (2005)
Jonathan Michael NICHOLS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-5490.
District Court of Appeal of Florida, First District.
June 28, 2005.
*864 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant appeals the judgment and sentence imposed following the trial court's revocation of his community control supervision. The appellant entered an admission to the violations of his supervision in exchange for the lowest permissible sentence as dictated by his Criminal Punishment Code scoresheet. In calculating the lowest permissible sentence permitted by the appellant's scoresheet, the trial court included a number of prior juvenile dispositions, as permitted by Florida Rule of Criminal Procedure 3.704(d)(14)(B). In a motion to declare rule 3.704(d)(14)(B) unconstitutional, the appellant challenged the inclusion of the prior juvenile dispositions on the ground that the inclusion of such prior adjudications violated the holdings in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). In support of this proposition the appellant relied on the majority opinion in United States v. Tighe, 266 F.3d 1187 (9th Cir.2001). The trial court rejected the appellant's argument and sentenced the appellant to 51.4 months' imprisonment, the lowest permissible sentence as provided by his scoresheet, with the juvenile dispositions included. The appellant now argues that this Court should reverse his sentence, follow the majority opinion in Tighe, and hold that prior juvenile dispositions are not valid prior convictions for the exception to sentencing enhancements in Apprendi. We, however, decline to do so.
The question in this case arises from the scope of the Supreme Court's holding in Apprendi. In Apprendi. the Supreme Court held that all findings that increase the maximum sentence that can be imposed on a defendant must be found by the jury. Apprendi, 530 U.S. at 490, 120 S.Ct. 2348. The Court also stated that the use of prior convictions was an exception to the general rule requiring a jury finding. Id. It is the scope of this exception that this appeal addresses, because the inclusion of the juvenile adjudications increased the lowest permissible sentence as provided by the scoresheet; this sentence was the only, and therefore the maximum, sentence the trial court could sentence *865 the appellant to pursuant to his plea agreement. Resolution of this question is required. 3 See Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004).
The majority in Tighe held that because juveniles are not afforded trials by jury, dispositions resulting from those proceedings are not prior convictions as envisioned by the Supreme Court in crafting the exception to the requirement of jury findings in Apprendi. Tighe, 266 F.3d at 1194. However, the dissent in Tighe argued that where the juvenile proceeding complied with all necessary constitutional requirements, the lack of a jury was not determinative for the purposes of the Apprendi prior conviction exception. Id. at 1198-99 (Brunetti, J., dissenting). Most subsequent courts which have addressed this issue have agreed with Judge Brunetti's dissent and rejected the Tighe majority's narrow formulation of the Apprendi prior conviction exception. See United States v. Burge, 407 F.3d 1183 (11th Cir.2005) (discussing the courts that have declined to follow the majority rational of Tighe); United States v. Jones, 332 F.3d 688, 696 (3d Cir.2003) (rejecting the majority's rational in Tighe, and holding that prior juvenile adjudications are prior convictions under Apprendi); United States v. Smalley, 294 F.3d 1030, 1033 (8th Cir.2002) (same). Following Smalley and Jones, the Eleventh Circuit held that "a prior nonjury juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for Apprendi purposes." Burge, 407 F.3d at 1191 (quoting Jones, 332 F.3d at 696). We agree with the rationale of these decisions and hold that an appellant's prior juvenile dispositions are valid as prior criminal convictions because Florida's juvenile procedures are constitutionally sound. See generally N.C. v. Anderson, 882 So.2d 990 (Fla.2004) (discussing the constitutionally of Florida's juvenile justice system). Accordingly, because the appellant is not arguing that his prior juvenile adjudications were in some way constitutionally infirm, their inclusion on his scoresheet was correct and his judgment and sentence are hereby affirmed.
AFFIRMED.
WOLF, C.J., and ERVIN and WEBSTER, JJ., concur.