The STATE of Ohio, Appellee,

v.

DETERS, Appellant.

[Cite as *State v. Deters,* 163 Ohio App.3d 157, 2005-Ohio-4049.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–010645.

Decided Aug. 5, 2005.

158

Joseph Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, for appellee.

Jim Harden, for appellant.

---

MARK P. PAINTER, Judge.

{¶ 1} Can a court consider juvenile adjudications for sentencing purposes

under *Apprendi v. New Jersey* [1] and *Blakely v. Washington* [2]?   Although we have already addressed that question in *State v. Montgomery* in dicta,[3] we reexamine it here and conclude that *Montgomery* misstated the law.   Under *Blakely,* a court may consider juvenile adjudications as part of an offender's criminal history for sentencing purposes.

{¶ 2} Defendant-appellant, Curtis Deters, appeals his sentences after guilty pleas to two counts of robbery.   We affirm.

### I.   A Brutal Robbery

{¶ 3} In March 2001, Deters and two others entered a Kroger's grocery store to steal alcohol.   Cindy Miller (a store employee) confronted Deters as he was trying to leave.   He punched her in the face and sprayed her with Mace. Jerry Steinrede, another Kroger employee, tried to help Miller.   Deters kicked Steinrede and hit him with a pellet gun.   Steinrede chased Deters, but was run down by Deters's getaway car.

{¶ 4} Deters was charged with two counts of robbery, one count of aggravated robbery, and one count of felonious assault.   He pleaded guilty to the two robbery counts, and the state dismissed the other two counts.   The trial court sentenced Deters to two consecutive five-year terms of imprisonment, even though Deters's counsel requested that the trial court merge the two robbery offenses.

{¶ 5} On appeal, Deters assigns two errors: (1) the two robbery counts involved allied offenses, and he therefore should not have received consecutive sentences;  and (2) the trial court was not permitted to impose more than the minimum sentence because Deters had not previously been imprisoned.

### II.   Invited Error

{¶ 6} In his first assignment, Deters claims that he could not have received two sentences because there was only one robbery offense.

{¶ 7} Deters was charged with two counts of robbery under R.C. 2911.02(A)(2): "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."

---

1.   (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.

2.   (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.

3.   159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250.

{¶ 8} Under the invited-error doctrine, a party may not take advantage of an error that he induced or invited.[4] Deters argues that there was technically only one theft victim—namely, Kroger's—because he did not steal anything from Miller or Steinrede. But by pleading guilty, Deters admitted that he had committed two robbery offenses. He cannot now claim that he was guilty of only one.

{¶ 9} Further, an argument could be made that the two counts did not necessarily involve allied offenses. "[A] court need only engage in the allied-offense analysis when the same conduct, or single act, results in multiple convictions."[5] Deters attacked Miller, then attacked Steinrede. These were two separate acts, even though they may have been within the same course of conduct during a robbery and the subsequent escape. While these were more properly punishable as assaults or as an aggravated robbery, the state dismissed those counts. It would have been more realistic for Deters to have been convicted of felonious assault and robbery, but for some reason the state accepted the plea as it did. But because Deters invited the error, we need not address this issue any further—he got the benefit of a plea bargain that greatly reduced his possible penalties. He cannot now complain of the supposed error.

{¶ 10} We therefore overrule Deters's first assignment of error.

### III. Blakely, Apprendi, *and Juvenile Adjudications*

{¶ 11} In his second assignment, Deters argues that he could not have received more than the minimum sentence because he had not previously served a prison term. Both offenses were second-degree felonies, so the statutory minimum term was two years for each of them.[6]

{¶ 12} As we have repeatedly held, *Blakely* and *Apprendi* prohibit the use of any fact, other than a prior conviction, to enhance a sentence under Ohio law, unless it has been admitted by the defendant or submitted to and found by a jury.[7]

{¶ 13} A trial court may impose more than the minimum for a first prison term only if the court finds on the record that the minimum term would demean

---

4.  See *State v. Campbell* (2000), 90 Ohio St.3d 320, 738 N.E.2d 1178.

5.  *State v. Cooper*, 104 Ohio St.3d 293, 2004-Ohio-6553, 819 N.E.2d 657, at ¶ 17.

6.  See R.C. 2929.14(A)(2).

7.  See, e.g., *State v. Montgomery*, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250; *State v. Lowery*, 160 Ohio App.3d 138, 2005-Ohio-1181, 826 N.E.2d 340; *State v. McIntosh*, 160 Ohio App.3d 544, 2005-Ohio-1760, 828 N.E.2d 138.

the seriousness of the offense or would not adequately protect the public.[8]   And we have held that a trial court may consider prior convictions to enhance a sentence beyond the statutory minimum.[9]

{¶ 14} Here, Deters's adult record was short: he had only a receiving-stolen-property conviction.   But he was only 18 years old at the time of the offenses; he had not yet had time to build up his adult record.   And his juvenile record was long and replete with other violent offenses.

{¶ 15} So was the trial court permitted to sentence Deters beyond the statutory minimum based on his previous juvenile adjudications?   We now answer yes.

{¶ 16} In *Montgomery*, we noted that a juvenile adjudication as a delinquent is not the same as a criminal conviction, and that juvenile adjudications "could not be used to justify a finding that the shortest prison term would not adequately protect the public from future crime by the offender or would demean the seriousness of the crime under *Blakely*'s prior-conviction exception." [10]

{¶ 17} *Montgomery* was correct that a juvenile adjudication does not carry the same import as a criminal conviction.   And we believe it correctly applied *Blakely* to Ohio's sentencing scheme.   But *Montgomery* was incorrect to so broadly state that juvenile adjudications cannot be used to enhance a sentence.   In *State v. Lowery*,[11] we stated in a footnote that *Montgomery*'s prohibition of using juvenile adjudications was "problematic, given that [like prior convictions,] the rights to counsel and to proof beyond a reasonable doubt attend juvenile adjudications * * *, and it would seem just as unnecessary and pointless to submit to the jury the question of whether such adjudications exist as it does to ask a jury to decide whether a person has had a prior conviction." [12]   But *Lowery* did not rule on the issue of juvenile adjudications.   We now do so.

{¶ 18} For sentencing a defendant, R.C. 2929.12(D)(2) states that the trial court must consider the likelihood-of-recidivism factors, including whether the offender was previously adjudicated delinquent.   And R.C. 2929.14(B) states that

---

8.   See R.C. 2929.14(B)(2).

9.   See *State v. Lowery*, 160 Ohio App.3d 138, 2005-Ohio-1181, 826 N.E.2d 340; *State v. McIntosh*, 160 Ohio App.3d 544, 2005-Ohio-1760, 828 N.E.2d 138.

10.   *State v. Montgomery*, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250, at ¶ 13.

11.   160 Ohio App.3d 138, 2005-Ohio-1181, 826 N.E.2d 340.

12.   Id. at fn. 6.

the court must impose the shortest term unless the court finds that the shortest would demean the seriousness of the offense or not adequately protect the public.

{¶ 19} Clearly, the likelihood of a defendant's recidivism bears directly on whether the shortness of a prison term would adequately protect the public.

{¶ 20} This does not offend the notion that juvenile adjudications are not the same as criminal convictions. According to R.C. 2151.01(B), the purpose of the juvenile courts is "[t]o protect the public interest in removing the consequences of criminal behavior and the taint of criminality from children committing delinquent acts and substitute therefor a program of supervision, care and rehabilitation."

{¶ 21} It is obvious that Deters had not been rehabilitated by the juvenile system. And the trial court properly considered that fact in increasing his sentence beyond the statutory minimum. The court noted Deters's multiple prior adjudications and stated that the minimum prison term would demean the seriousness of the offenses and not adequately protect the public. And it was right.

{¶ 22} This is just like any other criminal conviction or adjudication: the court needs to examine each case on an individual basis. Holding juvenile adjudications against someone who has been law-abiding for a decade might wrongfully attach the taint of criminality, and it would pose a constitutional problem. That is no different than with criminal convictions. For example, using a ten-year-old drug conviction would not support a finding that a defendant was a repeat violent offender. But Deters was just picking up where he always left off. He should not be rewarded simply for his youth.

{¶ 23} In the wake of *Blakely*, several other Ohio appellate districts have allowed juvenile adjudications to be considered as a factor when enhancing a sentence.[13] And several other jurisdictions outside of Ohio have also allowed juvenile adjudications as a sentencing factor under *Apprendi* or *Blakely*.[14] Still others have rejected similar arguments.[15] This split will one day have to be reconciled.

---

13. See, e.g., *State v. Colbert*, 11th Dist. No. 2003–A–0114, 2005-Ohio-2524; *State v. Trubee*, 3d Dist. No. 9–03–65, 2005-Ohio-552; *State v. Satterwhite*, 10th Dist. Nos. 04Ap–964 and 04AP–965, 2005-Ohio-2823; *State v. Murrin*, 8th Dist. No. 83482, 2004-Ohio-6301.

14. See, e.g., *United States v. Jones* (C.A.3, 2003), 332 F.3d 688; *United States v. Smalley* (C.A.8, 2002), 294 F.3d 1030; *United States v. Burge* (C.A.11, 2005), 407 F.3d 1183; *Ryle v. Indiana* (Ind.App.2004), 819 N.E.2d 119; *Nichols v. Florida* (2005), Fla.App. No. 1D03–5490, 910 So.2d 863, 2005 WL 1523772; *Washington v. Weber* (2005), 127 Wash.App. 879, 112 P.3d 1287.

15. See, e.g., *United States v. Flores* (C.A.6, 2004), 118 Fed.Appx. 49 (holding that previously expunged adjudications could not be used as a sentencing factor); *United States v. Blanton*

{¶ 24} But as we suggested in *Lowery*, we side with the other Ohio appellate districts. We now hold that juvenile adjudications may be considered for purposes of examining the likelihood of recidivism and whether the minimum sentence would adequately protect the public. As with any criminal conviction, the trial court should individually evaluate the weight to be given to the adjudication with regard to its reflection on the sentence.

{¶ 25} We therefore overrule Deters's second assignment of error and affirm the trial court's judgment.

<div align="right">Judgment affirmed.</div>

HILDEBRANDT, P.J., and WINKLER, J., concur.

RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.

</div>

(C.D.Cal.2005), 367 F.Supp.2d 1288; *Conkling v. Virginia* (2005), 45 Va.App. 518, 612 S.E.2d 235; *Tennessee v. Dale* (2005), Tenn.Crim.App.No. W2003–02391–CCA–R3–CD, 2005 WL 94362; *Minnesota v. Boehl* (Minn.App.2005), 697 N.W.2d 215.