The STATE of Ohio, Appellee,

v.

LADSON, Appellant.

[Cite as *State v. Ladson,* 165 Ohio App.3d 590, 2006-Ohio-451.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040580.

Decided Feb. 3, 2006.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

Mark T. Tillar, for appellant.

DOAN, Presiding Judge.

{¶ 1} Defendant-appellant, Lawrence Ladson, was indicted, along with his girlfriend, Deshanta Lee, for beating Ladson's five-year-old daughter, Samaria. Ladson pleaded guilty to endangering children, in violation of R.C. 2919.22(B)(3), and to felonious assault, in violation of R.C. 2903.11(A)(1). Ladson was sentenced to concurrent terms of five years' incarceration. He has appealed.

{¶ 2} Ladson's sole assignment of error alleges that his sentence was contrary to law. Ladson alleges that the trial court erred at the sentencing hearing by taking into consideration the psychological impact of Ladson's crimes on his victim, because no evidence was .adduced on that issue. Essentially, Ladson argues that his sentence was contrary to law because, in assessing the serious-

ness factors under R.C. 2929.12(B), the trial court found that the victim had suffered serious psychological harm without any evidence of such harm having been introduced.

{¶ 3} R.C. 2929.12 does not mandate that the psychological impact of a crime on the victim be "derived from a psychological or social examination." *State v. Ramirez* (1994), 98 Ohio App.3d 388, 396, 648 N.E.2d 845. "There is no requirement for specialized experts or reports concerning a victim's psychological harm in order for the court to find serious harm to the victim." See *State v. Hruby*, 6th Dist. No. OT–04–026, 2005-Ohio-3863, 2005 WL 1793772, at ¶ 72.

{¶ 4} Ladson admitted to beating his five-year-old daughter so badly that she suffered extensive injuries and had to be hospitalized. The victim's mother stated at Ladson's sentencing hearing that she could tell the beating had "affected" her daughter. The mother also stated that she was taking her daughter to counseling. The mother told the court that the child was "doing better" but that the beating was "still affecting" her daughter. Ladson's counsel stated, "The major thing, as the court has pointed out, you have a young child with emotional scars. Hopefully through counseling and everything the child can get over this."

{¶ 5} Following a review of the record, we hold that the trial court's finding that the victim suffered serious psychological harm was proper.

{¶ 6} Ladson also argues that the trial court erred in failing to consider that he was suffering from post-traumatic stress disorder following his service in Operation Desert Storm. The record reveals that, in sentencing Ladson, the trial court was aware of and considered his post-traumatic stress disorder.

{¶ 7} Ladson further challenges the trial court's imposition of more than the minimum sentence. Ladson's offenses were second-degree felonies punishable by terms of two, three, four, five, six, seven, or eight years' incarceration. See R.C. 2929.14(A)(2). Ladson was sentenced to concurrent terms of five years.

{¶ 8} Because Ladson had not previously served a prison term, he was entitled to a presumption that the minimum term was sufficient. See R.C. 2929.14(B); *State v. Montgomery*, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250. Pursuant to R.C. 2929.14(B), the trial court was required to impose the shortest prison term for a second-degree felony on each count unless the trial court found that the shortest term would demean the seriousness of Ladson's offenses or would not adequately protect the public from future crime by Ladson.

{¶ 9} We held in *State v. Montgomery*, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250, following *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct.

2531, 159 L.Ed.2d 403, and *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, that R.C. 2929.14(B) is unconstitutional under the Sixth Amendment when a sentencing court imposes more than the shortest prison term on an offender who has not previously served a prison term based upon facts, such as a finding that the shortest prison term would demean the seriousness of the offense, that have not been found by a jury or admitted by the offender. The sole exception is when the trial court expressly bases its findings upon evidence of the offender's history of prior convictions or juvenile adjudications. See *State v. Lowery*, 160 Ohio App.3d 138, 2005-Ohio-1181, 826 N.E.2d 340; *State v. Deters*, 163 Ohio App.3d 157, 2005-Ohio-4049, 837 N.E.2d 381.

■ {¶ 10} At Ladson's sentencing hearing, the trial court stated, "To not send him to prison would demean the seriousness of the offense and to not send him to prison would not adequately punish him and protect the public. Under [R.C.] 2929.14(B), a minimum term would demean the seriousness of the offense." On the sentencing worksheet, the court indicated that the shortest term would demean the seriousness of Ladson's offenses. The court did not indicate on the worksheet that the minimum term would not adequately protect the public.

{¶ 11} In imposing sentence, the trial court noted the victim's age, the physical and psychological harm done to her, and her relationship to Ladson. The court noted that Ladson had a prior felony drug conviction for which he had successfully completed probation. The court did not refer to the remainder of Ladson's criminal history, which included traffic offenses and disorderly conduct. The trial court did not expressly base Ladson's sentence on his criminal history.

{¶ 12} It is clear from the record that the trial court increased Ladson's sentence because the court found that the shortest term would demean the seriousness of Ladson's conduct based upon the circumstances of the crimes. The court's finding that the imposition of the shortest term would demean the seriousness of Ladson's crimes in light of the nature of his offenses violated his Sixth Amendment rights. See *State v. Montgomery*, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250; *State v. Stonestreet*, 1st Dist. No. C–040264, 2005-Ohio-4416, 2005 WL 2045451. Because the trial court did not articulate a separate, legitimate basis, such as Ladson's criminal history, to support the imposition of more than the minimum term, the court's judgment imposing more than the minimum sentence must be reversed, and this cause must be remanded for resentencing. The assignment of error is sustained solely for the reason that the imposition of more than the minimum term violated Ladson's Sixth Amendment rights. It is overruled in all other respects.

{¶ 13} The judgment of the trial court is reversed as to the imposition of more than the minimum sentence, the sentence imposed by the trial court is vacated,

and this cause is remanded for resentencing in accordance with law and this decision.

Sentence vacated
and cause remanded.

PAINTER, J., concurs.

HILDEBRANDT, J., dissents.

PAINTER, Judge, concurring.

{¶ 14} Here, Ladson's criminal record was not sufficient to justify departing from the mandated minimum sentence. The nature of the offense surely was— but the Supreme Court has (I believe incorrectly) held that a judge cannot so find. Therefore I reluctantly concur.

HILDEBRANDT, Judge, dissenting.

{¶ 15} Because I believe that the trial court's sentence was in accordance with established precedent, I respectfully dissent. Although the trial court empha-sized the psychological and physical harm to the victim, it also explicitly stated that Ladson had a felony record. That finding alone justified the imposition of more than the minimum sentence, because under *Deters,* 163 Ohio App.3d 157, 2005-Ohio-4049, 837 N.E.2d 381, and numerous other decisions from this court, the sentence was based upon Ladson's criminal history. The imposition of the sentence did not require talismanic language regarding Ladson's criminal record, and the remainder of the findings that, the majority holds, violated the Sixth Amendment were mere surplusage. I would affirm the trial court's judgment in its entirety. Therefore, I respectfully dissent.