OPINION
{¶ 1} Defendant-appellant, Gregory Pennington, appeals the sentencing decision of the Butler County Court of Common Pleas.
 {¶ 2} Pursuant to a negotiated plea agreement, appellant pled guilty to burglary, in violation of R.C. 2911.12(A)(4); robbery, in violation of R.C. 2911.02(A)(1), with a firearm specification; having a weapon while under a disability, in violation of R.C.2923.13(A)(2); and, theft, in violation of R.C. 2913.02(A)(1). Appellant was sentenced to a greater than minimum sentence on the burglary charge, and a consecutive, greater than minimum prison term on the robbery charge, in addition to a mandatory three-year consecutive prison term for the gun specification. Appellant was sentenced to greater than minimum, concurrent prison terms on the remaining two charges. He does not appeal the guilt finding but appeals the sentence, raising two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT SENTENCED HIM TO TERMS OF IMPRISONMENT IN EXCESS OF THE MINIMUM SENTENCE AND SENTENCED HIM TO CONSECUTIVE TERMS ON COUNTS 1 AND 3."
 {¶ 5} In his first assignment of error, appellant challenges the imposition of greater than minimum and consecutive prison terms, arguing that they were imposed in violation of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531; State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856; and United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738.
 {¶ 6} The state concedes, and we agree, that appellant was sentenced under portions of Ohio's statutory sentencing scheme which have since been deemed unconstitutional by the Ohio Supreme Court. See Foster. Among the statutes held unconstitutional inFoster were R.C. 2929.14(B), concerning the imposition of a nonminimum prison term, and R.C. 2929.14(E), governing the imposition of consecutive prison terms. Id. at ¶ 83, 97-99. TheFoster court severed these sections from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104.
 {¶ 7} In the present case, the trial court made findings under each of these sections when sentencing appellant.[1]
Because the trial court utilized R.C. 2929.14(B) and (E) to impose nonminimum and consecutive prison terms, we must remand this case for resentencing consistent with Foster.
 {¶ 8} Appellant's first assignment of error is sustained.
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY UTILIZING HIS PRIOR JUVENILE DELINQUENCY CONVICTIONS IN HIS SENTENCING."
 {¶ 11} In his second assignment of error appellant argues that the trial court improperly considered his extensive juvenile record when determining appellant's sentence. Appellant argues that consideration of his juvenile delinquency adjudications for sentencing purposes violates his right to a jury trial as defined in Blakely and its progeny.
 {¶ 12} In State v. Deters, 163 Ohio App.3d 157,2005-Ohio-4049, the First District Court of Appeals held that a sentencing court could properly consider a defendant's juvenile delinquency adjudications as a factor in determining the likelihood of recidivism, and consequently when considering the imposition of a greater than minimum sentence under R.C.2929.14(B)(2). This decision was summarily reversed by the Ohio Supreme Court on the basis of its decision in Foster, and remanded for resentencing. In re Sentencing Statute Cases,2006-Ohio-2109, ¶ 116. As previously noted, the court in Foster
held that R.C. 2929.14(B)(2) is unconstitutional and excised that section, among others, from Ohio's sentencing statutes. Foster
at ¶ 97-99.
 {¶ 13} However, the Supreme Court's decision in Foster
specifically left intact sections of Ohio's felony sentencing statutes which allow the trial court to consider juvenile delinquency adjudications when it determines an offender's likelihood of recidivism. Foster at ¶ 37. Pursuant to R.C.2929.12(D)(2) and (3), factors that indicate that an offender "is likely to commit future crimes" include that "[t]he offender previously was adjudicated a delinquent child" and "[t]he offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child." As noted in Foster, there is no mandate for judicial fact-finding in this "general guidance" statute; rather, "[t]he court is merely to `consider' the statutory factors." Foster at 42. Thus, a defendant's juvenile delinquency record is relevant to the issue of likelihood of recidivism, and its consideration under these sections does not abrogate a defendant's right to a jury trial. See Foster at ¶ 37-41; State v. McNeal, Allen App. No. 1-01-158, 2002-Ohio-2981, at ¶ 61-62 (concluding that the trial court properly found that a defendant posed the "greatest likelihood of recidivism" to warrant a maximum prison sentence under R.C. 2929.14[C] based on the defendant's "continuing course of criminal conduct since his first offense as a juvenile in 1986"); see, e.g., United States v. Jones (C.A.3, 2003),332 F.3d 688; United States v. Smalley (C.A.8, 2002),294 F.3d 1030; United States v. Burge (C.A.11, 2005), 407 F.3d 1183;Ryle v. Indiana (Ind.App. 2004), 819 N.E.2d 119; Nichols v.Florida (2005), Fla.App. No. 1D03-5490, 910 So.2d 863,2005 WL 1523772; Washington v. Weber (2005), 127 Wash.App. 879, 112 P.3d 1287.
 {¶ 14} Where an adult offender has been adjudicated a juvenile delinquent, and has not been rehabilitated by the juvenile system, the sentencing court may properly consider that fact when considering his likelihood of recidivism under 2929.12(D)(2) and (3). See Foster; McNeal. As with any criminal conviction or adjudication, the trial court "should individually evaluate the weight to be given to the adjudication" when exercising its discretion in sentencing. Deters at ¶ 24. Appellant's second assignment of error is overruled.
 {¶ 15} Judgment reversed as to sentencing only and remanded for resentencing.
Powell, P.J., and Young, J., concur.
[1] Specifically, the trial court found that consecutive sentences were "necessary to protect the public form future crime" and "are not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] poses to the public, and that the "harm caused by [appellant] was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [appellant's] conduct."