[Cite as *State v. Bromagen*, 2012-Ohio-5757.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120148 |
| | | TRIAL NO.   B-1107279 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| MATTHEW BROMAGEN, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  December 7, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Rhett Baker,* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge**.

{¶1}     Defendant-appellant Matthew Bromagen appeals the sentences imposed following his pleas of guilty to charges of robbery and tampering with evidence.   Near midnight on October 31, 2011, Bromagen had pulled a knife on his victim in the parking lot of the Colerain Bowl and demanded money.  The victim was able to escape.  Bromagen fled too.  While being pursued by police officers, he discarded the knife.

{¶2}     In exchange for his guilty pleas, the state dismissed a charge of aggravated robbery.  The trial court accepted Bromagen's pleas and found him guilty of the two offenses.     After reviewing the presentence investigation, the victim's statements, Bromagen's statement, and the arguments of counsel, the trial court imposed an eight-year prison term for the robbery offense and a three-year term for the tampering-with-evidence offense.  The trial court also completed and journalized a sentencing-findings worksheet for these offenses. The worksheet reflects that the trial court had made the findings required for imposing consecutive sentences under R.C. 2929.14(C).  The trial court ordered the two prison terms to be served consecutively for an aggregate term of 11 years.

{¶3}     In three interrelated assignments of error, Bromagen now claims the trial court erred in imposing consecutive sentences and an excessive period of imprisonment. We conduct a two-part review of Bromagen's sentences of imprisonment, imposed under 2011 Am.Sub.H.B. No. 86.  *See State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 9, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14; *see also State v. Railey*, 1st Dist. No. C-120029, 2012-Ohio-4244, ¶ 16. First, we must determine whether the trial court adhered to all applicable rules and statutes in imposing the sentences, or whether the sentences were otherwise contrary to law.  *See Alexander* at ¶ 9; *see also State v. Smith*, 12th Dist. No. CA2012-01-004, 2012-

Ohio-4523, ¶ 27. Then, if the sentences were not contrary to law, we must review each to determine whether the trial court abused its discretion in imposing them. *See id.*

{¶4}     Bromagen asserts the sentences were contrary to law in three ways. First, Bromagen contends that, with no evidence of adult criminal activity in the record, the trial court erred in relying solely on his numerous juvenile-delinquency adjudications to support the imposition of consecutive sentences.

{¶5}     Alerted by the presentence-investigation report, at the sentencing hearing the trial court noted Bromagen's extensive record of delinquency adjudications and lengthy placement in a juvenile-correction facility. In reaching its determination that it was appropriate to impose consecutive sentences, the trial court employed a sentencing-findings worksheet and found, inter alia, that Bromagen's "history of criminal conduct demonstrate[ed] that consecutive sentences [were] necessary to protect the public from future crime by the offender." R.C. 2929.14(C)(4)(c); *see also Alexander* at ¶ 13; *State v. Lebron*, 8th Dist No. 97773, 2012-Ohio-4156, ¶ 11.

{¶6}     Bromagen now urges us to revisit our well-established position that "juvenile adjudications may be considered for purposes of examining the likelihood of [an adult offender's] recidivism." *State v. Deters*, 163 Ohio App.3d 157, 2005-Ohio-4049, 837 N.E.2d 381, ¶ 24 (1st Dist.), overruling *State v. Montgomery*, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250 (1st Dist.) (holding that juvenile-delinquency adjudications could not be used to support a finding that a prison term would not adequately protect the public from future crime by the offender or would demean the seriousness of the crime). The gravamen of Bromagen's argument is that a juvenile-delinquency adjudication is "not the same as a criminal conviction," and thus cannot be used to support the criminal-conduct finding for consecutive sentences. *Montgomery* at ¶ 13. We disagree.

{¶7}     In *Deters*, we held that a trial court could consider a defendant's juvenile-delinquency adjudications when deciding whether to impose greater than the minimum sentence under former R.C. 2929.14(B)(2). *See Deters* at ¶ 24. That statutory

requirement was excised from Ohio's felony-sentencing scheme in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 97-99. But the court did not address whether juvenile adjudications could be used as evidence of a history of criminal conduct. Thus, this court and other appellate courts have continued to employ juvenile-delinquency adjudications to support the imposition of consecutive sentences in cases decided after *Foster*. *E.g., State v. Love*, 194 Ohio App.3d 16, 2011-Ohio-2224, 954 N.E.2d 202, ¶ 8 (1st Dist.); *see also State v. Daniel*, 5th Dist. No. 11-COA-047, 2012-Ohio-2952; *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 8.

{¶8} We see no reason to depart from this course. As Bromagen correctly notes, a juvenile-delinquency adjudication is not a criminal conviction. *See In re Angler*, 19 Ohio St.2d 70, 73, 249 N.E.2d 808 (1969); *see also State v. D.W.*, ___ Ohio St.3d ___, 2012-Ohio-4544, ___ N.E.2d ___, ¶ 7. But it does not necessarily follow from that statement that juvenile adjudications cannot be used to demonstrate a history of criminal conduct. If, as Bromagen argues, the General Assembly had intended to limit a sentencing court's review of prior actions to criminal *convictions*, it could have done so. But the legislature, in both former R.C. 2929.14(E)(4)(c) and newly enacted R.C. 2929.14(C)(4)(c), at issue here, has stated that "an offender's history of criminal *conduct*" can support the imposition of consecutive sentences. We must give effect to the words the General Assembly actually used. In determining legislative intent, we are not free to delete words or insert words not used. *See State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 22, citing *Columbus-Suburban Coach Lines, Inc. v. Pub. Utilities Comm.*, 20 Ohio St.2d 125, 127, 254 N.E.2d 8 (1969).

{¶9} While juvenile court proceedings are civil in nature, delinquency proceedings nonetheless "feature inherently criminal aspects that [courts] cannot ignore." *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 76; *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 26. As in a criminal proceeding, the fundament of every delinquency adjudication is the commission of conduct by the juvenile

which would constitute a criminal offense if committed by an adult. *See* R.C. 2152.02(F)(1); *see also State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 54, citing *In re C.S.* at ¶ 76. Clearly an offender's prior criminal conduct bears directly on a sentencing court's decision on the length of sentence to impose. And a sentencing court is entitled to rely on an offender's juvenile history of criminal conduct in deciding whether consecutive sentences are necessary.

{¶10} Also contrary to Bromagen's assertion, that sentencing courts should close their eyes to juvenile-delinquency adjudications, is the General Assembly's mandate that a sentencing court is required to consider juvenile adjudications when it determines the likelihood of an adult offender's recidivism. *See* R.C. 2929.12(A). Factors that a sentencing court shall consider in reaching a conclusion about an offender's likelihood to commit future crimes include that "the offender previously was adjudicated a delinquent child," and that "the offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child." R.C. 2929.12(D)(2) and 2929.12(D)(3); *see also State v. Pennington*, 12th Dist. No. CA2005-11-481, 2006-Ohio-5376, ¶ 13.

{¶11} Moreover, the statutes guiding a court's actions at sentencing also require the court to scrutinize an offender's juvenile record if, as here, it was included in a presentence-investigation report. Under R.C. 2929.10(B)(1), before imposing sentence, a trial court is required to consider a presentence-investigation report, if one was prepared. The presentence-investigation report in a felony case shall include "all information available regarding any prior adjudications of the defendant as a delinquent child and regarding the dispositions made relative to those adjudications." R.C. 2951.03(A)(1).

{¶12} Therefore, we hold that the record, including Bromagen's extensive juvenile record of adjudications for arson, attempted burglary, criminal damaging, and assaulting a corrections officer—evidence of his history of criminal conduct—amply supports the trial court's finding that consecutive sentences were necessary to protect the

public from future crime by Bromagen. *See* R.C. 2953.08(G)(2); *see also Alexander* at ¶ 10.

{¶13} Bromagen's next argument, that the jury-trial guarantee of the Sixth Amendment to the United States Constitution precludes the trial court from engaging in judicial fact-finding to impose consecutive sentences, is rejected on the authority of *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph one of the syllabus. *See State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 19-20.

{¶14} Finally, Bromagen argues that the sentence imposed for the tampering-with-evidence offense was contrary to law under R.C. 2929.14(A)(3)(b), as revised by 2011 Am.Sub.H.B. No. 86. In the trial court's judgment entry the prison term for that offense was identified as "3 Y[ea]rs," as opposed to the "thirty-six month" term stated in the statute. This argument is feckless. For purposes of felony sentencing, a three-year prison term imposes the same period of incarceration as a thirty-six-month term, and is, therefore, not contrary to law. *See State v. Shepherd*, 8th Dist. No. 97962, 2012-Ohio-5415, ¶ 85.

{¶15} Having determined that the sentences imposed were not contrary to law, we now proceed to the second step of our sentencing analysis: whether the trial court abused its discretion in imposing them. *See Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349, at ¶ 27. In light of the seriousness of Bromagen's conduct, robbing his victim at knifepoint, and his discouraging record of juvenile adjudications and failed attempts at rehabilitation, we cannot say that the trial court abused its discretion in imposing sentence. *See Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 17. The first, second, and third assignments of error are overruled.

{¶16} Therefore, the trial court's judgment is affirmed.

Judgment affirmed.

**SUNDERMANN, P.J.,** and **HENDON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.