OPINION.
{¶ 1} On March 27, 2003, defendant-appellant Anthony McIntosh entered the apartment of a woman and her daughter and robbed them at gunpoint. When two police officers arrested McIntosh a few days later, he fought with both officers, causing them to be injured. As a result of a plea bargain, McIntosh entered guilty pleas to aggravated robbery in violation of R.C. 2911.01(A)(1), a firearm specification in violation of R.C.2911.01(A)(1), and two counts of assault on a police officer in violation of R.C. 2903.13(A). The matter was set for sentencing. On the day of sentencing, McIntosh made a motion to withdraw his guilty pleas, which the trial court denied. The trial court sentenced McIntosh to six years in prison for the aggravated robbery, three years in prison for the firearm specification, and seventeen months in prison for each of the assaults. The trial court ordered all the sentences to be served consecutively for a total prison term of eleven years and ten months.
 {¶ 2} In his first assignment of error, McIntosh now claims that the trial court abused its discretion in denying his pre-sentence motion to withdraw his guilty pleas. McIntosh argues that when a motion to withdraw a guilty plea is made before sentencing, it should be liberally granted.
 {¶ 3} The Ohio Supreme Court has held that a defendant does not have an absolute right to withdraw his guilty plea, even if the defendant moves to have the plea withdrawn before sentencing.[1] When a defendant files a pre-sentence motion to withdraw his guilty plea, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."[2] We then review the trial court's decision under an abuse-of-discretion standard.[3] In determining whether the trial court abused its discretion, we look at a series of factors and determine if the trial court complied with them. Those factors are "(1) whether the accused was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal."[4]
 {¶ 4} Our review of the record in this case demonstrates that the trial court thoroughly considered and addressed each of the applicable factors before denying McIntosh's motion to withdraw his guilty pleas. Furthermore, none of the factors weigh in favor of overturning the trial court's decision in this case. At the withdrawal hearing, the trial court found, and we agree, that McIntosh had been represented by highly competent counsel at his plea hearing. He had been given his Crim.R. 11 rights and had stated that he understood them, as well as the nature of the charges and possible penalties. The trial court also found that McIntosh had filed his motion to withdraw his guilty pleas in a timely manner and that he wanted to withdraw his pleas for three reasons: (1) because he had had a change of heart and wanted to take his chances at a trial; (2) he was afraid of going to prison; and (3) there was some question that he might have wanted the charges against him considered separately. The trial court then found that McIntosh's mistaken belief about the consequences of his pleas was insufficient to permit the withdrawal of the pleas.[5] The trial court further found that McIntosh did not have a defense to the crimes and had not presented any new evidence, and that the state would be prejudiced if the motion was granted because a co-defendant who was scheduled to testify against McIntosh had already been released and dismissed as a witness. Because the trial court specifically weighed the facts presented at the hearing in light of each of the applicable factors and stated why there was no support for granting McIntosh's presentence motion to withdraw his guilty pleas, and because the record does not support McIntosh's arguments that he was rushed into the plea bargain with little time to consider its consequences, the trial court did not abuse its discretion in denying McIntosh's withdrawal motion. Consequently, we overrule his first assignment of error.
 {¶ 5} In his second assignment of error, McIntosh contends that his sentence was contrary to law because it violated the decision of the United States Supreme Court in Blakely v. Washington,[6] and because it was inconsistent with the sentence of a codefendant.
 {¶ 6} The trial court sentenced McIntosh to six years in prison for aggravated robbery, three years in prison for the firearm specification, and seventeen months in prison for each of the assaults. The trial court ordered all the sentences to be served consecutively for a total prison term of eleven years and ten months.
 {¶ 7} McIntosh argues that, under Blakely, a jury must make all the felony sentencing findings rather than the trial court. Consequently, he contends that the trial court was prohibited from considering or relying on the presentence-investigation report, any victim-impact statements, and any statements made by prosecuting attorneys before sentencing him. The state argues on the other hand that Blakely is not that far-reaching. We agree with the state.
 {¶ 8} In State v. Bruce, we explained that Blakely applies when an offender's sentence exceeds the prescribed statutory maximum sentence.[7]
In Bruce, we held that "the maximum sentence the trial court could impose [for a first-degree felony] without additional facts proved to a jury or admitted to by Bruce was nine years, not ten [because] [t]he additional fact necessary to impose the tenth year of imprisonment — that Bruce was among those offenders `who had committed the worst forms of the offense' — was found by the trial court at the sentencing hearing, after Bruce's plea had been accepted."[8] Consequently, we held that "R.C. 2929.14(A)(1) and 2929.14(C) are unconstitutional to the extent that they permit a sentencing court to impose a sentence exceeding the maximum term authorized by the facts admitted by the defendant or proved to a jury beyond a reasonable doubt."[9]
 {¶ 9} In State v. Montgomery, we further held that Blakely limits the "the statutory maximum for an offender who has not previously served a prison term [to] the minimum prison term allowed by law for the offense."[10] We explained that the R.C.2929.14(B)(2) findings[11] involved "facts," that must be found by a jury or admitted by the defendant because they affect the level of punishment an offender will receive.[12]
Consequently, we held that R.C. 2929.14(A)(5) and 2929.14(B) are unconstitutional to the extent that they "allow a trial court to increase the presumptive sentence in the absence of jury findings or admissions by the defendant."[13]
 {¶ 10} However, in both Montgomery and our recent opinion in State v.Lowery, we acknowledged that Blakely permits the fact of a prior conviction to support an enhanced sentence.[14] Consequently, we held that a trial court may consider a defendant's prior convictions to enhance a sentence without resubmitting the facts of those convictions to the jury.[15] In Lowery, we upheld a maximum prison sentence under a harmless-error analysis, where the trial court had provided alternative bases for imposing the maximum sentence — that Lowery had committed the worst form of the offense and that he posed the greatest likelihood of recidivism — and only one of those bases, that Lowery had committed the worst form of the offense, had violated Blakely.[16] We held that the trial court's finding that Lowery posed the greatest likelihood of committing future crime, which was based on his prior criminal convictions, did not violate Blakely and thus provided an independent ground to enhance Lowery's sentence.[17]
 {¶ 11} At McIntosh's sentencing hearing, the trial court acknowledged that McIntosh had never served a prison term, so it was statutorily required to impose the minimum prison term unless it found the two factors under R.C. 2929.14(B). The trial court then made the two findings under R.C. 2929.14(B)(2) for imposing more than the minimum prison term. The trial court stated that it was imposing more than the minimum prison term for both the aggravated robbery and the assaults because McIntosh had numerous prior convictions as an adult and as a juvenile, including two felonies, three misdemeanors, and ten adjudications and delinquencies. One of the felony convictions was for resisting arrest. The trial court also noted that McIntosh had two unsuccessful probations: one for a felony and one for a misdemeanor. Because the trial court's decision to impose more than the minimum sentence was expressly based on McIntosh's criminal history, it did not violate Blakely.
Furthermore, we cannot say that the record does not clearly and convincingly support the trial court's findings or that those findings were contrary to law. Consequently, we cannot conclude that the trial court erred in imposing more than the minimum prison term, even though McIntosh had not previously served a prison term.
 {¶ 12} We also reject McIntosh's argument that the trial court's imposition of consecutive sentences violated Blakely based upon our analysis in Montgomery.[18] Moreover, our review of the record reveals the trial court made all the required findings to impose consecutive sentences and that the record supports those findings. Consequently, we cannot say the trial court erred in imposing consecutive sentences.
 {¶ 13} McIntosh next contends that his sentence violated R.C. 2929.11(B) because he was sentenced to a longer prison term than a co-defendant. This court has held that consistency in sentencing is not synonymous with uniformity.[19] Thus, R.C. 2929.11(B) does not require a trial court to impose identical sentences for codefendants.[20] Rather, consistency merely requires the trial court to weigh the same statutory sentencing factors for each defendant.[21] Thus, our role in evaluating a sentence challenged for inconsistency is to determine whether the trial court properly considered the factors and guidelines contained in the sentencing statutes[22] and whether the record supports the court's findings, so the sentence is not "outside the mainstream of local judicial practice."[23] Because we have already concluded the trial court properly considered the factors and guidelines contained in the sentencing statutes and that the record supports its findings, and because McIntosh has not put forth any evidence to show that his sentence is "outside the mainstream of local judicial practice," we find his argument feckless. We, therefore, overrule his second assignment of error and affirm the judgment of the trial court.
Doan, P.J., concurs.
Painter J., concurs separately.
Painter, J., concurring separately.
 {¶ 14} I continue to believe, as I wrote in State v. Jefferson[24]
that "absent a long delay in the proceedings or prejudice to the state, it is an abuse of discretion per se to deny a motion to withdraw a plea made before sentence. Of course, even if there is a delay or prejudice, another one or more of the Fish factors may compel setting aside the plea."
 {¶ 15} But, as I also wrote then, "[P]rejudice to the state is one major consideration * * *." Here, the trial court found prejudice to the state. That finding makes sense and, together with the other factors weighed by the trial court, convinces me to vote to affirm.
 {¶ 16} I concur with the balance of the lead opinion as well.
[1] State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
[2] Id.
[3] State v. Maurer (1984), 15 Ohio St.3d 239, 473 N.E.2d 768.
[4] State v. Jefferson, 1st Dist. No. C-020802, 2003-Ohio-4308, at ¶ 7, citing State v. Fish (1995), 104 Ohio App.3d 236, 240, 661
N.E.2d 788.
[5] State v. Lambros (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632.
[6] (2004), ___ U.S. ___, 124 S.Ct. 2531.
[7] 159 Ohio App.3d 562, 2005-Ohio-373, ___ N.E.2d ___.
[8] Id. at ¶ 9.
[9] Id.
[10] 1st Dist. No. C-040190, 2005-Ohio-1018, at ¶ 9.
[11] R.C. 2929.14(B)(2) provides that a trial court may impose more than the minimum for a first prison term if the court finds on the record that the minimum term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others.
[12] Montgomery, supra, at ¶ 10.
[13] Id. at ¶ 14.
[14] Montgomery, supra, at ¶ 13; State v. Lowery, 1st Dist. No. C-040157, 2005-Ohio-1181, at ¶ 43.
[15] Lowery, supra, at ¶ 43.
[16] Id. at ¶ 46.
[17] Id.
[18] Montgomery, supra, at ¶¶ 16-17; see also, Lowery, supra, at ¶¶ 51-54.
[19] State v. Ryan, 1st Dist. No. C-020283, 2003-Ohio-1188, at ¶ 10;State v. Heidorn, 1st Dist. No. C-030700, 2004-Ohio-3749, at ¶ 13.
[20] State v. Rowland (May 11, 2001), 1st Dist. No. C-000592; see also, State v. Stern (2000), 137 Ohio App.3d 110, 115, 738 N.E.2d 76.
[21] Heidorn, supra, at ¶ 13.
[22] Id. at ¶ 14.
[23] Ryan, supra, at ¶ 10.
[24] State v. Jefferson, 1st Dist. No. C-020802, 2003-Ohio-4308.