JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Brian Caudill has appealed his sentence following a plea bargain in which he pleaded guilty to and was convicted of sexual battery in violation of R.C. 2907.03(A)(2). Caudill, 28 years old, had vaginally raped and performed oral sex on a 17-year-old victim who was unconscious at the time. Caudill was labeled a sexual predator and sentenced to three years in prison. Pursuant to Anders v. California,[1]
Caudill's appointed appellate counsel has advised this court that, after a thorough review of the record, she can find nothing that would arguably support Caudill's appeal. Appellate counsel has advised Caudill that she has not found any prejudicial errors, and she now asks us to review the record independently.
Our review of the record confirms that Caudill was properly classified as a sexual predator. The issue remaining is the legality of the sentence imposed when considered under the recent cases reviewed by the United States Supreme Court as well as this court.
Ordinarily, when this court's independent examination of a record deemed by appointed counsel to be error-free discloses "legal points arguable on their merits,"[2] this court will act to secure the appellant's right to "counsel who will vigorously and fairly advocate his rights on appeal,"[3] by granting appointed counsel's motion to withdraw and by appointing new counsel to function as the appellant's advocate before this court on the arguable legal points and on any other matter that new counsel's conscientious examination of the record might reveal.[4] However, when, as here, the potential error is manifest on the record, and the record discloses no other arguable error in the proceedings below, the appointment of new counsel would neither advance the appellant's right to the effective assistance of counsel nor serve the interests of judicial economy. We have therefore deferred counsel's motion to withdraw and requested that counsel submit a supplemental brief on the sentencing issue that has come to light. Counsel has complied with our request and submitted such a brief.
Caudill pleaded guilty to sexual battery, a felony of the third degree that carried a mandatory prison sentence of one to five years. Although Caudill had been convicted of several prior misdemeanors, he had never served any prison time. Caudill's prior misdemeanors consisted of two convictions for simple battery, two convictions for driving under the influence, and criminal trespass. The trial court made statutory findings under R.C. 2929.14(B)(2) that the public would not be adequately protected from future crime by Caudill and that the seriousness of the offense would be demeaned if Caudill only received the minimum sentence. Caudill was then sentenced to three years in prison.
Regarding sentencing, the statutory maximum a defendant can receive is the maximum a trial court can impose without any additional findings.[5]
The prison term must be supported by the jury's verdict and by the defendant's admissions.[6]
Under this court's decision in State v. Montgomery,[7] the "statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for the offense."[8] Montgomery was sentenced to an eleven-month prison term for trafficking in cocaine, a fifth-degree felony that carried a penalty of six to twelve months' imprisonment. The trial court found that the shortest prison term would have demeaned the seriousness of Montgomery's conduct and/or would not have protected the public from future crime by him. Montgomery had not previously served a prison term. In modifying Montgomery's sentence to the minimum term of six months, this court held that R.C. 2929.14(B) is "unconstitutional to the extent that the statutes allow a trial court to increase the presumptive sentence in the absence of jury findings or admissions."[9]
Subsequent to our holding in Montgomery, this court refined its ruling to further reiterate the Blakely rule that permits the fact of a prior conviction to support an enhanced sentence.[10] Our recent holding inState v. McIntosh distinguishes the prior juvenile adjudications that comprised the criminal history of defendant Montgomery from prior criminal convictions that were part of the sentencing factors in the case of defendant McIntosh.[11] In McIntosh, the court concluded that a sentence greater than the minimum sentence was warranted even though the defendant had not served a prior prison term, basing its decision expressly on the defendant's prior convictions.[12]
This case parallels the sentencing factors in the McIntosh holding. In sentencing Caudill to three years' imprisonment, the trial court found that even though Caudill had not served a prior prison term, he did have several prior convictions, albeit of a misdemeanor nature. That fact, combined with the statutory findings under R.C. 2929.14(B)(2) made by the court at sentencing, justified the three-year sentence imposed by the sentencing court.
Therefore, the sentence of the trial court affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Hendon, JJ.
[1] Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] Id. at 744.
[3] Freels v. Hills, (C.A.6, 1988), 843 F.2d 958, 960.
[4] See In re Booker (July 23, 1999), 1st Dist. No. C-980214.
[5] State v. Bruce, 1st Dist. No. C-040421, 2005-Ohio-373.
[6] Id. at ¶ 9.
[7] 1st Dist. No. C-040190, 2005-Ohio-1018.
[8] Id. at ¶ 9.
[9] Id. at ¶ 14.
[10] Blakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531.
[11] State v. McIntosh, 1st Dist. No. C-040280, 2005-Ohio-1760.
[12] Id.