JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Timothy Dixon, appeals the judgment of the Hamilton County Court of Common Pleas sentencing him to fifteen years' incarceration for aggravated robbery and attempted murder with a firearm specification.
Dixon entered guilty pleas to the offenses and the specification. The trial court sentenced him to six years' imprisonment for each offense and three years' imprisonment for the specification. The sentences were all ordered to be served consecutively for a total term of fifteen years' incarceration.
In a single assignment of error, Dixon now argues that the court erred in imposing the sentence. He first argues that the court erred in imposing more than the minimum sentence for aggravated robbery and attempted murder.
R.C. 2929.14(B)(2) provides that a court may impose more than the minimum sentence for an offender who has not served a prior prison term if the court finds on the record that the minimum term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others.
In State v. Montgomery,[1] we held that R.C. 2929.14(B) was unconstitutional to the extent that it permitted a trial court to increase the presumptive minimum sentence in the absence of jury findings or admissions by the offender. But we have since held that where the imposition of more than the minimum sentence is based upon the offender's criminal history, there is no constitutional violation.[2]
In this case, the trial court based the imposition of more than the minimum sentence in part upon the finding that the minimum sentence would not adequately protect the public from future crime. But to the extent that the trial court's finding was based on Dixon's criminal history, the finding was not supported in the record. The only prior offenses on Dixon's record were misdemeanor traffic offenses. Those offenses did not establish that more than the minimum prison term was warranted.
Dixon next argues that the trial court erred in imposing consecutive sentences for aggravated robbery and attempted murder. To impose consecutive prison terms, the trial court must find on the record that consecutive terms are necessary to protect the public or to punish the offender, and that consecutive terms are not disproportionate to the offender's conduct or to the danger the offender poses to the public.[3]
The court must also find one of the factors set forth in R.C.2929.14(E)(4)(a) through (c). In addition, the court must state its reasons for imposing consecutive sentences pursuant to R.C.2929.19(B)(2)(c).
Here, the trial court made a finding under R.C. 2929.14(E)(4)(b) that the harm caused was so great that a single prison term was not adequate to reflect the seriousness of Dixon's actions. But the court did not find on the record that consecutive terms were necessary to protect the public or to punish Dixon, or that consecutive terms were not disproportionate to Dixon's conduct or to the danger that Dixon posed to the public. In the absence of the required findings, the court erred in imposing consecutive sentences. Although we are constrained to reverse the consecutive sentences based on the lack of findings, we otherwise express no opinion as to the propriety of consecutive terms.
Accordingly, we sustain the assignment of error, and the judgment of the trial court is reversed. The cause is hereby remanded for the imposition of the minimum sentences for aggravated robbery and attempted murder and for an appropriate determination concerning whether to impose consecutive sentences.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Painter, JJ.
[1] 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250, at ¶ 14, discretionary appeal allowed, 106 Ohio St.3d 1410, 2005-Ohio-3154, ___ N.E.2d ___.
[2] See State v. McIntosh, 160 Ohio App.3d 544, 2005-Ohio-1760,828 N.E.2d 138, at ¶ 11.
[3] R.C. 2929.14(E)(4); State v. Ward, 1st Dist. No. C-040379,2005-Ohio-3036 at ¶ 40.