OPINION
{¶ 1} Defendant-appellant, Thomas Payne, appeals the decision of the Warren County Court of Common Pleas overruling his motion to withdraw his guilty plea and convicting him of three counts of trafficking in cocaine and one count of domestic violence. We affirm the conviction and denial of the motion, but reverse and remand the case for resentencing.
 {¶ 2} On January 31, 2005, appellant was indicted in case no. 05-CR-22028 on five counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. Appellant was appointed counsel to aid in his defense. Subsequently, on November 21, 2005, appellant was indicted in case no. 05-CR-22775 on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree. The court appointed the same counsel from the earlier, and still pending, case.
 {¶ 3} On December 19, 2005, appellant appeared for both cases. He entered a plea of guilty to three counts of trafficking in cocaine and one count of domestic violence. Appellant's sentencing hearing was held on January 4, 2006. Before being sentenced, appellant orally requested to withdraw his guilty plea. The court requested a reason why appellant wished to withdraw his plea. Appellant stated that he wanted to withdraw the guilty plea because he did not want to serve a sentence greater than one year. The court denied appellant's request. In case no. 05-CR-22028, appellant was sentenced to eleven months in prison on each of the trafficking charges, the sentences to run concurrently. In case no. 05- CR-22775, appellant was sentenced to fifteen months in prison for domestic violence, with the sentence to run consecutively to the trafficking sentence for a total prison term of 26 months.
 {¶ 4} Appellant filed a timely notice of appeal in case no. 05-CR-22775 for the domestic violence conviction, but did not file a notice of appeal in case no. 05-CR-22028 for the trafficking convictions. Appellant raises three assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW PLEA BY NOT ADEQUATELY CONSIDERING THE RELEVANT FACTORS AND BY ERRONEOUSLY APPLYING THE WRONG LEGAL STANDARD."
 {¶ 7} In his first assignment of error, appellant argues the trial court erred by denying his presentence oral motion to withdraw his guilty plea because the court failed to consider the relevant factors and applied the incorrect legal standard.
 {¶ 8} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521,527. Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. The trial court must conduct a hearing on the motion "to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. "Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed." Id. A trial court does not abuse its discretion unless its ruling is "unreasonable, arbitrary or unconscionable." Id., quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 9} A reviewing court examines a number of factors in resolving whether the trial court abused its discretion in refusing to grant a presentence motion to withdraw a guilty plea. These factors are, "(1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal." State v. McIntosh,160 Ohio App.3d 544, 547; 2005- Ohio-1760, quoting State v. Jefferson, Hamilton App. No. C-020802, citing State v. Fish (1995), 104 Ohio App.3d 236, 240.
 {¶ 10} After thoroughly reviewing the record, we conclude that the trial court applied the correct legal standard and did not abuse its discretion by not allowing appellant to withdraw his plea. At the plea hearing, appellant underwent a full Crim.R. 11 examination where the court thoroughly reviewed each offense. Appellant was informed of the maximum prison terms and penalties he could receive on each charge as well as possible periods of post release control. The trial court further informed appellant of the constitutional rights he was waiving. Appellant indicated that he understood the nature of the charges, the penalties involved, and the rights he was surrendering by pleading guilty. Appellant also affirmed that he was very satisfied with his attorney and had discussed the charges and potential penalties with counsel.
 {¶ 11} Just before appellant was to be sentenced, appellant orally moved to withdraw his plea. The trial court conducted a hearing on the motion by allowing appellant to state his reasons for withdrawing the plea. Appellant stated the only reason he sought to withdraw his plea was that he believed by entering the guilty plea he would only be sentenced to one year in prison. In view of appellant's open admission of guilt at the plea hearing, it appears he suffered a change of heart only after he realized he could be sentenced to more than a year. His motion to withdraw essentially amounted to a desire for a shorter prison term rather than to assert his innocence. Although appellant's motion was prior to sentencing, this does not convert appellant's request to an absolute right. Xie, 62 Ohio St.3d at 527. "A defendant who has a change of heart regarding his guilty plea should not be allowed to withdraw that plea just because he realizes that an unexpected sentence may be imposed." State v. Ward, Clermont App. No. CA2005-05-033,2006-Ohio-1662, ¶ 14. As a result, appellant's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "WHETHER APPELLANT ENTERED INTO HIS PLEA AGREEMENT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY."
 {¶ 14} Appellant argues in his second assignment of error that his plea was not made knowingly, intelligently, and voluntarily because he was not aware that by pleading guilty he would be subject to consecutive sentences.
 {¶ 15} Prior to accepting a guilty plea, the trial court must personally address the defendant to determine that the plea is made voluntarily and that the defendant comprehends the crimes charged, the maximum penalties, as well as his ineligibility for probation or community control sanctions, if applicable. Crim.R. 11(C)(2)(a). The court must also ensure that the defendant understands that the court may enter judgment and impose sentence upon acceptance of the guilty plea. Crim.R. 11(C)(2)(b). When a defendant enters a guilty plea in a criminal case, the plea must be made "knowingly, intelligently, and voluntarily."State v. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179. A determination of whether a plea was knowing, intelligent, and voluntary is based upon a review of the record. State v. Spates, 64 Ohio St.3d 269, 272,1992-Ohio-130.
 {¶ 16} At the plea hearing, the trial court conducted a thorough colloquy to ensure appellant was aware of the nature of the charges and the effects of his plea. With each count, the court explained the charge and described the possible sentence it carried including any applicable fine. The court stated that the sentence for each charge could be imposed consecutively or concurrently. Throughout the colloquy, appellant repeatedly responded that he understood the trial court's explanations. Appellant acknowledged at both the plea hearing and sentencing hearing that he understood the sentences could be imposed consecutively. After a full review of the record, we find that appellant knowingly, intelligently, and voluntarily entered his guilty plea. Appellant's second assignment of error is overruled.
 {¶ 17} Assignment of Error No. 3:
 {¶ 18} "WHETHER APPELLANT'S PRISON SENTENCE VIOLATED THE CONSTITUTIONS OF THE UNITED STATES AND OHIO."
 {¶ 19} Appellant argues in his third assignment of error that his sentence is unconstitutional under State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, because the trial judge made unconstitutional factual findings in sentencing appellant to consecutive prison terms.
 {¶ 20} In Foster, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme are unconstitutional. Id. at ¶ 83, 97-99. Among the statutes found unconstitutional were R.C. 2929.11 and2929.14(E)(4), concerning factual findings made by the court for the imposition of consecutive prison terms. Id. at ¶ 61 and 67. TheFoster court severed these sections from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104. Because the trial court made factual findings based on R.C. 2929.11 and R.C. 2929.14(E)(4) to impose a consecutive sentence, we must reverse the sentence of the trial court and remand this case for resentencing consistent with Foster.
 {¶ 21} Appellant's third assignment of error is sustained.
 {¶ 22} The trial court's judgment is reversed as to sentencing and remanded for resentencing.
WALSH, P.J., and BRESSLER, J., concur.