DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Janet S. Bohne, appeals the judgment of the Erie County Court of Common Pleas. On February 10, 2006, the Erie County Grand Jury indicted appellant for three counts of theft by deception and two counts of forgery, a violation of R.C. 2913.31(A)(2) and a felony of the fifth degree.
 {¶ 2} On April 13, 2007, the court conducted a plea hearing and a Crim. R. 11 colloquy with appellant. At that plea hearing, the state explained a plea agreement, *Page 2 
whereby appellant agreed to plead no contest to a lesser included offense of attempted theft, a misdemeanor of the first degree, and the state agreed to dismiss two counts of theft and both counts of forgery. Appellant signed a written plea agreement containing those terms. The state additionally agreed to recommend that appellant participate in a diversion program in lieu of conviction if appellant made full monetary restitution for all the items listed in the indictment and fulfilled other terms.
 {¶ 3} The state read the facts underlying the offense to which appellant pled as follows:
 {¶ 4} "Your Honor, on or about October 2004, in Erie County, Ohio, the defendant, Janet Bohne, did sell a ring reported to be a diamond that was later found to be moissanite."
 {¶ 5} Relevantly, the court in its colloquy ascertained that appellant was not under the influence of drugs or alcohol, that she was competent to understand the proceedings, and that she understood the plea agreement. The court notified appellant that it would accept the state's recommendation of a diversion program, but also notified appellant of the maximum sentence possible for the misdemeanor charge. Appellant agreed to the diversion program.
 {¶ 6} The court then questioned appellant as to her waiver of each of the following rights: The right to counsel; the right to a jury trial; the right to have the state prove each element of the offense beyond a reasonable doubt; the right to a unanimous jury decision; the right to cross-examine witnesses against her; the right to compulsory process of witnesses; the right to not testify at trial. The only question at which appellant *Page 3 
balked regarded waiving the state's burden of proving the charges beyond a reasonable doubt. The following relevant exchanges were held:
 {¶ 7} "THE COURT: You have the constitutional right to have the state prove this case beyond a reasonable doubt as it pertains to the elements of the offense. Do you understand that right?
 {¶ 8} "DEFENDANT: Yes.
 {¶ 9} "THE COURT: Do you wish to give up that right?
 {¶ 10} "DEFENDANT: No, I don't. But I don't feel I have any choice so, yes, I'm giving it up.
 {¶ 11} "THE COURT: Okay. And that's the point. You do have a choice because the choice is if not, then we call a jury in Tuesday and try the case. So it is your choice. Do you want to give up that right or not?
 {¶ 12} "DEFENDANT: I've told [counsel] for the past couple days I really do not understand what is going on.
 {¶ 13} "THE COURT: Okay.
 {¶ 14} Appellant began contesting the evidence the state obtained in support of the charges. The court then gave a lengthy explanation about appellant's ability to have a trial and the necessity of clearly waiving her rights in order to enter her plea of no contest. Appellant indicated several times that she understood the effect of her plea and of the plea agreement. After the lengthy exchange, appellant agreed to give up that right. *Page 4 
 {¶ 15} The colloquy continued, and the court also explained conditions of appellant's diversion and answered her questions. The exchange concluded with the following:
 {¶ 16} "THE COURT: Okay. Did anyone promise you or offer you anything in exchange for this plea outside of what's in this plea sheet?
 {¶ 17} "DEFENDANT: No.
 {¶ 18} "THE COURT: Did anyone force you, threaten you, coerce you, or place under duress in entering this plea?
 {¶ 19} "DEFENDANT: I think the whole system has placed me under duress for all of this. But, you know, that's in general-
 {¶ 20} "THE COURT: Right.
 {¶ 21} "DEFENDANT: — not specific.
 {¶ 22} "THE COURT: Did anyone force you to sign this thing today?
 {¶ 23} "DEFENDANT: No.
 {¶ 24} "THE COURT: Because remember, we went over your rights?
 {¶ 25} "DEFENDANT: Yes.
 {¶ 26} "THE COURT: You could exercise your rights.
 {¶ 27} "DEFENDANT: No. I signed it."
 {¶ 28} On May 11, 2007, appellant filed a pro se "Motion to Vacate Diversion," in which she alleged that she had been coerced into accepting the plea and that, in fact, she had no desire to accept the plea. On May 21, 2007, appellant's counsel filed a motion to withdraw on grounds that appellant had filed the motion to vacate pro se without prior *Page 5 
notice and against his advice. The state filed a motion in opposition to appellant's motion to withdraw her plea. On June 11, 2007, appellant filed a response requesting the court to either vacate her plea and allow to matter to proceed to trial or to dismiss the indictments.
 {¶ 29} On August 9, 2007, the trial court held an evidentiary hearing on appellant's motion to withdraw her plea. At the outset, the court noted that an attorney had been appointed to "assist [appellant] in any way that she wants. So this is not a hybrid representation. She's representing herself." On review of appellant's plea hearing, the trial court held that appellant had been thoroughly advised of her rights and that she knowingly, intelligently, and voluntarily entered the no contest plea.
 {¶ 30} The trial court moved to sentencing, at which time the court imposed a diversion program and advised appellant that a violation of the program's terms may result in imposition of a suspended sentence. The following exchange then occurred:
 {¶ 31} "THE COURT: * * * At this time, do you have any additional comments, Ms. Bohne, about your diversion? Anything you want this Court to know regarding your diversion in this case?
 {¶ 32} "DEFENDANT: I'm sorry. Could you repeat the question?
 {¶ 33} "THE COURT: Any comments you want to make in mitigation of your diversion hearing or your sentence in this case?
 {¶ 34} "DEFENDANT: I'm not even sure what you're asking. * * * I don't understand."
 {¶ 35} Appellant and the attorney appointed to assist her began to converse, and then the exchange continued: *Page 6 
 {¶ 36} "THE COURT: Okay. You have nothing that you want to tell the Court as to why you should get diversion?
 {¶ 37} "DEFENDANT: As to why I should get diversion?
 {¶ 38} "THE COURT: Right. As compared to this Court finding you guilty and-
 {¶ 39} "DEFENDANT: Okay, yes.
 {¶ 40} "THE COURT: See what I'm saying?
 {¶ 41} "DEFENDANT: Yes, yes. * * * Okay. Are we saying questions about the diversion or questions about why I should get — I have no clue what's going on; truly, I don't."
 {¶ 42} The court and appellant's appointed assisting counsel continued to explain the diversion program, and appellant continued to refute the facts in the indictment and the value of the restitution. Her refutations centered on the amount and value of the restitution ordered. The court explained that a hearing on the amount of restitution was ordered and set for August 30, 2007, and that, at that time, appellant could present evidence against the amount of restitution the state claimed. The court also explained other terms of appellant's diversion and her right to appeal.
 {¶ 43} Appellant appealed that judgment and now asserts two assignments of error for review:
 {¶ 44} "I. The trial court erred in accepting appellant's no contest plea.
 {¶ 45} "II. The trial court abused its discretion in denying appellant's motion for withdrawal of her no contest plea." *Page 7 
 {¶ 46} In her first assignment of error, appellant argues that the trial court should have refused to accept her plea of no contest because it did not inform her of the "effect of her plea," citing State v.Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419. In order for an appellate court to reverse a refusal to withdraw a plea for failure to inform a defendant of the effect of her plea, the defendant must demonstrate that the trial court did not substantially comply with Crim. R. 11 and that prejudice resulted. State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12;State v. Nero (1990), 56 Ohio St.3d 106, 107.
 {¶ 47} Crim. R. 11(B)(2) provides:
 {¶ 48} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 49} Attempted theft, a misdemeanor of the first degree, is punishable by a definite jail term not to exceed 180 days, R.C. 2929.24, and is therefore a "petty offense." Crim. R. 2(C), (D). Therefore, a trial court's acceptance of appellant's no contest plea is governed by Crim. R. 11(E), which provides:
 {¶ 50} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. The counsel provisions of Crim. R. 44(B) and (C) apply to division (E) of this rule."
 {¶ 51} "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being *Page 8 
entered." State v. Jones, 116 Ohio St.3d 211, 2007-Ohio-6093, paragraph one of the syllabus. "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim. R. 11(B)." Id. at paragraph two of the syllabus. Thus, in order to inform a defendant of the "effect of the plea" of no contest, the trial court must inform the defendant that a no contest plea "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim. R. 11(B)(2).
 {¶ 52} However, even if a trial court does not specifically inform a defendant using Crim. R. 11(B)(2) language, a defendant must still demonstrate that she suffered prejudice in order to withdraw her plea. A refusal to allow plea withdrawal will be upheld if, in the totality of the circumstances, the hearing demonstrates that the defendant was aware of the effect of the plea. Jones, 2007-Ohio-6093, ¶ 52, 55.
 {¶ 53} While appellant acknowledges the foregoing rules, she argues that she was not so informed and was unaware of the effect of a no contest plea. The transcript demonstrates that the trial court did not employ the language of Crim. R. 11(B)(2). However, the trial court held an extensive colloquy with appellant, and ascertained that she knowingly waived each applicable constitutional right. It also explained in detail the terms of appellant's diversionary program and answered each of appellant's questions regarding those terms. It also explained the consequences should appellant violate the program's terms. *Page 9 
 {¶ 54} Appellant argues, however, that she suffered prejudice by the trial court's failure to use Crim. R. 11(B)(2) language because she believed that she "could later prove the falsity of the facts supporting the charge to which she was pleading" and that she did "not understand that her plea admitted [the] very facts she continued to deny." However, appellant pled no contest to attempted theft, not theft, and the facts which she disputed at the hearing concerned the value attributed for restitution purposes. The plea agreement required appellant to make full restitution for the items listed in all counts of the indictment. At the plea hearing, the state informed the court that appellant's agreement to make restitution "means to buy back the jewelry items in all of the counts that were placed into evidence at the original cost to the victims." Further, although appellant did continue to dispute the facts at the hearing to withdraw her plea, she did not do so at her original plea hearing; in fact, she repeatedly asserted that she understood the conditions and consequences of her plea. At the plea hearing, appellant stated her understanding of the restitution's terms: "And I'm going to buy back the stones as I've been asking them since they first called me." She also expressed understanding of the terms of her diversion program. Appellant cannot demonstrate that prejudice resulted from the trial court's failure to use Crim. R. 11(B)(2) language to inform her of the effect of her no contest plea. This assignment of error is not well-taken.
 {¶ 55} In her second assigned error, appellant argues that the trial court should have allowed her to withdraw her no contest plea prior to sentencing.
 {¶ 56} "The Supreme Court of Ohio has held that although a presentence motion to withdraw a guilty, or no contest, plea should be freely and liberally granted, a defendant *Page 10 
does not have an absolute right to withdraw the plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521, 527. The trial court must conduct a hearing on such a motion `to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.' Id.
 {¶ 57} "`Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed.' Id. A trial court does not abuse its discretion unless its ruling is `unreasonable, arbitrary or unconscionable.' Id., quoting State v. Adams (1980), 62 Ohio St.2d 151, 157." State v. Oke, 6th Dist. Nos. WD-04-082, WD-04-083,2005-Ohio-6525, ¶ 63-64.
 {¶ 58} A reviewing court should examine a number of factors in considering whether an abuse of discretion occurred: "(1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim. R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal." Id. at ¶ 65, quoting State v.McIntosh (2005), 160 Ohio App.3d 544, 547; State v. Jefferson, 1st Dist. No. C-020802, 2003-Ohio-4308; see, also, State v. Fish (1995),104 Ohio App.3d 236, 240. *Page 11 
 {¶ 59} Applying these factors to appellant's plea hearing and hearing on her motion to withdraw her plea, we conclude that no abuse of discretion occurred. First, although appellant was not represented by counsel, the trial court appointed highly competent counsel to assist her at the hearing, and appellant took advantage of his assistance. The court also noted that appellant had been granted several continuances in order to obtain counsel of her choice, and, despite her claim at the withdraw hearing to have obtained private counsel, no counsel had entered an appearance.
 {¶ 60} Second, although appellant was not informed of the effect of her plea using the precise language of Crim. R. 11(B)(2), the right to be so informed is non-constitutional. The trial court substantially complied with the rule by conducting a lengthy colloquy with appellant regarding her constitutional rights and by detailing the plea agreement and diversion program. Appellant repeatedly acknowledged that her plea was made knowingly and voluntarily.
 {¶ 61} Third, the trial court conducted a full and impartial hearing on appellant's motion to withdraw her plea.
 {¶ 62} Fourth, the trial court gave full and fair consideration to the motion, reviewing the entire transcript of the original plea hearing at the hearing on appellant's motion to withdraw, and finding that appellant repeatedly asserted her wish to sign the plea agreement.
 {¶ 63} Fifth, appellant's motion to withdraw was made within 30 days after she entered her plea. *Page 12 
 {¶ 64} Sixth, at the hearing to withdraw, appellant did not continue to assert coercion, as she did in her motion to withdraw. Instead, she disputed the state's ability to prove the value of the items listen in the indictment, which the trial court explained would weigh toward restitution as called for by the plea agreement.
 {¶ 65} Seventh, appellant well understood the nature of the charges. She was indicted for five felonies and understood that the plea agreement dismissed four felonies and reduced the remaining felony to a first degree misdemeanor. At the plea hearing, the trial court repeatedly informed her that although it was not bound to sentence her according to the plea agreement, it intended to impose diversion in lieu of sentencing. Appellant asked questions regarding the terms of the diversion and was satisfied with the explanations. She did not object when the state informed the court that restitution would include the entire value of the allegedly stolen items listed in the indictment.
 {¶ 66} Eighth, appellant's defenses to the charges concern her disputes with the timing of the alleged thefts and the manner in which the state intended to prove the value of the items allegedly stolen. While appellant challenged the facts as set forth in the indictment, she did not dispute the charge to which she pled, attempted theft.
 {¶ 67} Ninth, in this instance, the state would have been prejudiced had appellant been allowed to withdraw her plea. The plea agreement required the state to dismiss four felony charges. Upon a review of the docket, we find that pre-trials and the trial was continued no less than ten times, each upon appellant's motion, from her indictment on February 10, 2006, until her plea hearing on April 13, 2007. From her plea hearing until the August 13, 2007 hearing on her motion to withdraw, appellant was granted one *Page 13 
continuance on her motion and she was notified by journal entry on July 24, 2007, that no further continuances would be granted. "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge; an appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." State v. Ahmed, 103 Ohio St.3d 27, 34, 2004-Ohio-4190.
 {¶ 68} These facts are nearly identical to State v. Jones,116 Ohio St.3d 211, 2007-Ohio-6093, where the defendant was fully notified of and knowingly waived his constitutional rights but the trial court failed to use Crim. R. 11(B) language to notify the defendant of the "effect of the plea." In Jones, the defendant could not demonstrate prejudice resulting from the failure to comply with this non-constitutional right. The defendant did not, in entering a guilty plea, assert his innocence or give the impression that he did not understand the effect of his plea.
 {¶ 69} Here, appellant also did not protest her innocence of attempted theft; she protested the facts in the indictment creating the basis for all of the charges in the indictment, not the lack of evidence for the count to which she pled. She did not, at her plea hearing, give the impression that she did not understand the effect of her plea. She demonstrated an understanding, and acceptance of, the terms of her plea agreement. She knowingly and intelligently waived her constitutional rights. Trial had been continued ten times, on her motion. See, contra, e.g., State v. Brown (Mar. 26, 2002), 10th Dist. No. 01AP-983, 2002-Ohio-1350 (abuse of discretion to refuse to allow defendant to withdraw plea where only two months elapsed between indictment and trial, counsel admitted to being unprepared, and no continuances were requested or granted). Considering each of *Page 14 
the above Mclntosh factors, the trial court did not abuse its discretion in denying appellant's motion to withdraw her plea. Appellant's second assignment of error is not well-taken.
 {¶ 70} For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Arlene Singer, J., William J. Skow J., Thomas J. Osowik J., Concur. *Page 1