[Cite as *State v. Daniel*, 2012-Ohio-2952.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11-COA-047 |
| | : | |
| | : | |
| DUSTIN A. DANIEL | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:     Criminal Appeal from Ashland County
Court of Common Pleas Case No.
11-CRI-050

JUDGMENT:                                  Affirmed

DATE OF JUDGMENT ENTRY:        June 27, 2012

APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

RAMONA FRANCESCONI ROGERS        TIMOTHY E. POTTS
Ashland County Prosecutor                10 E. Main Street
Ashland, Ohio  44805                         Ashland, Ohio  44805

BY: PAUL T. LANGE
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio  44805

*Edwards, J.*

{¶1} Appellant, Dustin A. Daniel, appeals a judgment of the Ashland County Common Pleas Court convicting him of one count of having weapons while under disability (R.C. 2923.13(A)(3)) and two counts of possession of cocaine (R.C. 2925.11(A)) and sentencing him to an aggregate term of incarceration of fifty-four months. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} On May 20, 2011, Ashland police officers stopped appellant's car. There was an active warrant for appellant's arrest. Appellant got out of the car and ran away from the police. Appellant threw his hat while fleeing, and officers found cocaine inside the hat.

{¶3} Appellant was later located outside a residence. Appellant again attempted to flee. Officers used a taser to stop appellant. After appellant was taken to the ground, appellant broke his cell phone. Near appellant, officers found a five-dollar bill which also contained cocaine.

{¶4} During the course of the investigation, officers discovered that appellant had recently been in possession of a firearm, and after interviewing several witnesses officers retrieved the firearm.

{¶5} Appellant was charged by bill of information with one count of having a weapon under disability and two counts of possession of cocaine. He pleaded guilty to all three charges. The trial court sentenced him to thirty-six months incarceration for having a weapon under disability and nine months incarceration for each count of

possession of cocaine, with all sentences to run consecutively.  Appellant assigns three errors on appeal:

{¶6}   "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE SECTION 2929.14(C)(4); SAID CONSECUTIVE SENTENCES EXCEEDED THE MAXIMUM PRISON TERM ALLOWED BY OHIO REVISED CODE SECTION 2929.14(A)(3)(b), AND WERE CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF SAID COURT'S DISCRETION.

{¶7}   "II. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED THE MAXIMUM PRISON TERM UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE 2929.14(A)(3)(b); THE IMPOSITION OF SAID MAXIMUM PRISON TERM WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF SAID COURT'S DISCRETION.

{¶8}   "III. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.13(A)."

I

{¶9}   In his first assignment of error, appellant argues that the court erred in imposing consecutive sentences exceeding the maximum prison term allowed for the most serious offense of which he was convicted.

{¶10} R.C. 2953.08(C)(1) provides:

{¶11} "(C)(1) In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (C)(3) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true."

{¶12} Appellant failed to seek leave to appeal his sentence on the basis that the consecutive sentences exceed the maximum term allowed for the most serious offense of which he was convicted.

{¶13} However, pursuant to App. R. 5(D)(2), where a criminal defendant has filed a notice of appeal pursuant to App. R. 4, the defendant may elect to incorporate in his brief an assignment of error pursuant to R.C. 2953.08(C), and this assignment shall be deemed a timely motion for leave to appeal. We, therefore, grant leave to appeal on this issue.

{¶14} Appellant argues that consecutive sentences were contrary to law and an abuse of discretion because he expressed remorse for his actions.

{¶15} R.C. 2929.14(C)(4) provides:

{¶16} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms

consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶17}** "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶18}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶19}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

**{¶20}** The trial court found that consecutive sentences were necessary to protect the public from future crime due to appellant's history of criminal conduct. The record reflects that appellant had an extensive criminal history as both a juvenile and an adult. He had previously served a prison term. At the time he was evaluated for the presentence investigation, appellant showed no remorse for his crimes and had failed to follow through on substance abuse treatment. The circumstances of the offense demonstrated that he fled from police and there was an active warrant out for his arrest

at the time of the offenses. Further, he was on postrelease control for an earlier offense at the time of the instant offense.

{¶21} The trial court did not err in sentencing appellant to consecutive sentences based on his past history of criminal conduct.

{¶22} The first assignment of error is overruled.

II

{¶23} Appellant argues that the trial court erred in imposing the statutory maximum of 36 months incarceration for having a weapon under disability, a third degree felony.

{¶24} R.C. 2953.08(A) provides an appeal as of right on this basis:

{¶25} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

{¶26} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 or section 2929.142 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:

{¶27} "(a) The sentence was imposed for only one offense.

{¶28} "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree."

**{¶29}** Appellant argues that the sentence was contrary to law and that the trial court abused its discretion in the sentence because he demonstrated remorse for his actions. Appellant argues that he is not likely to commit future crimes.

**{¶30}** R.C. 2929.12 sets forth specific factors to be considered by the court in determining the likelihood of recidivism:

**{¶31}** "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

**{¶32}** "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

**{¶33}** "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

**{¶34}** "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

**{¶35}** "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

**{¶36}** "(5) The offender shows no genuine remorse for the offense.

**{¶37}** "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

**{¶38}** "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

**{¶39}** "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

**{¶40}** "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

**{¶41}** "(4) The offense was committed under circumstances not likely to recur.

**{¶42}** "(5) The offender shows genuine remorse for the offense."

**{¶43}** Appellant has not demonstrated that the court erred in sentencing appellant to the maximum sentence. The court stated in its judgment that it fully considered the provisions of O.R.C. Chapter 2929. The court found that appellant was not amenable to community control sanctions. The court found that appellant previously served a prison term and the shortest prison term would demean the seriousness of appellant's conduct and not adequately protect the public from future crimes committed by appellant.

{¶44} While appellant expressed to the court during the sentencing hearing that he was sorry for his actions, the presentence investigation report filed in the instant case reflects that appellant has an extensive criminal history, both as a juvenile and an adult. He had previously served a prison term. At the time he was evaluated for the presentence investigation, appellant showed no remorse for his crimes and had failed to follow through on substance abuse treatment. The circumstances of the offense demonstrated that he fled from police and there was an active warrant out for his arrest at the time of the offenses. The record reflects that appellant demonstrated limited success while on supervision and historically has failed to report to meetings with his probation officer. Further, he was on postrelease control for an earlier offense at the time of the instant offense.

{¶45} The second assignment of error is overruled.

III

{¶46} Appellant argues that a term of incarceration in this case is an unnecessary burden on state and local resources pursuant to R.C. 2929.11(A), which provides:

{¶47} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime,

rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

**{¶48}** As we noted in *State v. Ferenbaugh,* 5th Dist. No. 03COA038, 2004–Ohio– 977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull,* 5th Dist.  No. 2008–COA–036, 2009–Ohio–3105, this Court reviewed a similar claim. We found that, although burdens on State resources may be a relevant sentencing criteria, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors, *Shull,* at paragraph 22, citing *State v. Ober*, 2nd Dist. No. 97CA0019, 1997 WL 624811 (October 10, 1997).

**{¶49}** Appellant has not demonstrated that a term of incarceration in the instant case is an unnecessary burden on state and local resources.   While appellant expressed to the court during the sentencing hearing that he was sorry for his actions, the presentence investigation report filed in the instant case reflects that appellant has an extensive criminal history, both as a juvenile and an adult.  He had previously served a prison term.  At the time he was evaluated for the presentence investigation, appellant showed no remorse for his crimes and had failed to follow through on substance abuse treatment.  The circumstances of the offense demonstrated that he fled from police and there was an active warrant out for his arrest at the time of the offenses.   The record reflects that appellant demonstrated limited success while on supervision and historically has failed to report to meetings with his probation officer.  Further, he was on postrelease control for an earlier offense at the time of the instant offense.

**{¶50}**  The third assignment of error is overruled.

**{¶51}**  The judgment of the Ashland County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d0327

[Cite as *State v. Daniel*, 2012-Ohio-2952.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                Plaintiff-Appellee     :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
DUSTIN A. DANIEL                       :
                                       :
                Defendant-Appellant    :        CASE NO. 11-COA-047


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES